158 So.2d 766 (1963)
James DIAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4126.
District Court of Appeal of Florida. Second District.
December 11, 1963.
Rehearing Denied December 31, 1963.
Lee Roy Horton, Jr., Public Defender, Lake Wales, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
An information was filed against the appellant, James Dias, charging him with breaking and entering with intent to commit a felony and grand larceny. He appeared at the arraignment without benefit of counsel and pleaded guilty. On December 31, 1962, after being adjudged guilty, Dias was sentenced to a term of two years in the State Penitentiary.
On May 14, 1963, the appellant filed a motion[1] to vacate the judgment and sentence on the ground that he had entered his plea of guilty without the benefit and advice of counsel. With the motion he filed an affidavit of insolvency, stating that he was without funds for the purpose of prosecuting the motion; that he had no property; and that he had not divested himself *767 of any property for the purpose of benefitting from the oath of insolvency. The court entered an order declaring Dias insolvent. On May 15, 1963, the motion to vacate the judgment and sentence was denied, the order reciting that Dias had entered a voluntary plea of guilty without requesting that counsel be appointed on his behalf and that he had freely admitted that he was guilty of the offenses charged. From this the trial court concluded that Dias had waived his right to counsel. These facts are not sufficient to constitute a waiver. King v. State, Fla.App. 1963, 157 So.2d 440.
Notwithstanding the fact that the trial court's order was based on this erroneous reason, the order must nevertheless be affirmed for the reason that the motion to vacate does not allege that Dias was insolvent and unable to obtain counsel at the time he entered his plea of guilty. Savage v. State, Fla.App. 1963, 156 So.2d 566. The record does not disclose any affidavit or order of insolvency prior to or at the time of the arraignment and plea. The affidavit of insolvency submitted with the motion to vacate is evidence of appellant's insolvency at that time, and the order of insolvency establishes his insolvency at such time; but these do not have the retroactive effect of either alleging, showing or establishing insolvency at the time the plea was entered.
The right to counsel under the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), extends only to a person who is financially unable to employ counsel. In seeking post-conviction relief under Criminal Procedure Rule No. 1, the convicted person must allege facts which show that he is entitled to relief. The motion filed by Dias, collaterally attacking the judgment and sentence, was legally insufficient to state a prima facie case. The order denying relief is affirmed.
Affirmed.
SMITH, C.J., and SHANNON and WHITE, JJ., concur.
NOTES
[1] Pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 App.