158 So.2d 530 (1963)
Baxter McLendon ASHLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4324.
District Court of Appeal of Florida. Second District.
December 13, 1963.
Joseph G. Spicola, Jr., Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Chief Judge.
The appellant, Baxter McLendon Ashley, was charged with robbery. At the arraignment the Assistant State Attorney ascertained the defendant's name and age, read the *531 information and asked: "How do you plead, Mr. Ashley?" The defendant replied: "Plead guilty." He was then asked: "Has anybody promised you anything or threatened you in any way to get you to plead guilty to this information?" The answer was "No, sir." At this point the Assistant State Attorney stated: "You understand that you do have a right to be tried by a jury on this charge and represented by counsel?" The record does not disclose any response to this statement. The court referred the case to the probation officer for pre-sentence investigation, and subsequently the defendant was adjudged guilty and sentenced to a term of seven years in the state prison. In all of the foregoing proceedings, the defendant appeared before the court in person and without the benefit of counsel.
Thereafter, the defendant filed his motion to vacate and set aside the judgment and sentence, pursuant to the procedure established by Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. Ashley's motion alleges that he was indigent at the time of his arraignment and could not hire legal counsel; that the court refused to appoint counsel to defend him because he was not charged with a capital offense; and that he was therefore denied his constitutional right to counsel.
The court below thereupon entered an order reciting that the cause having come on for hearing on defendant's motion, and the court having duly considered the same after examining the files and records in the cause, and it appearing to the court that the defendant is lawfully imprisoned, the motion is denied. From the foregoing order the defendant appeals. We reverse.
From the transcript of the Arraignment and Plea, it affirmatively appears that the defendant was not represented by an attorney. This record is silent on the following crucial questions: (1) whether the defendant was financially unable to employ counsel; if so, (2) whether the defendant was aware of his right to counsel or was offered counsel; and, if so, (3) whether the defendant competently and intelligently waived his right to counsel.
In accordance with the principles of law set forth in King v. State, Fla.App. 1963, 157 So.2d 440, we hold that the files and records of this case do not conclusively show that the prisoner Ashley is entitled to no relief; therefore, the court below erred in summarily denying the motion.
Irrespective of this determination, however, the State contends that the denial of Ashley's motion for relief must be affirmed because the allegations of fact in the motion were not supported by oath as to their verity. In Roy v. Wainwright, Fla. 1963, 151 So.2d 825, the Supreme Court elaborated upon Criminal Procedure Rule No. 1 and stated, among other things, that "The factual allegations should be supported by oath as to their truth." We do not interpret this statement as having the effect of requiring that, under all circumstances, an unsworn or unverified motion for relief under Rule No. 1 must be peremptorily denied. In processing a motion under Criminal Procedure Rule No. 1, it must always be borne in mind that such motions filed by a prisoner pro se should not be scrutinized for technical niceties, since a prisoner is almost always unskilled in the law and cannot be held to a high standard of pleading. In addition, this court takes judicial notice of the fact that not all prisoners confined by the State of Florida have access to an officer by whom an oath can be administered. It must further be borne in mind that in order to effectuate the announced purposes of Criminal Procedure Rule No. 1, as expressed in Roy v. Wainwright, supra, the procedure and remedy so prescribed must be such that a prisoner may be afforded every procedural benefit available under habeas corpus and necessary to a meaningful investigation of his claim. The courts have the task, therefore, of adapting the procedure to the peculiarities and irregularities of motions which obviously state valid claims. Thus, as a matter of *532 pleading, such motions should be treated with the same liberality as that historically granted by courts in entertaining applications for habeas corpus. Innumerable writs of habeas corpus have been granted upon petitions not supported by oath. Any abuse of the courts' processes could be deterred by the court having the prisoner swear to his motion at the first opportunity rather than by denying the motion without hearing.
Reversed.
ALLEN and WHITE, JJ., concur.