ALLEN, Judge.
This cause arises upon denial of appellant’s sworn motion to vacate a judgment and sentence entered consequent upon a plea of guilty to the crime of grand larceny. The motion, filed pursuant to Criminal Procedure Rule No. 1, is prolix and consists, in large part, of allegations of bald legal and factual conclusions. However, it does contain certain allegations meriting attention. Specifically, the motion alleges that “in the February term of Court” the appellant was deprived of counsel and the assistance of counsel for his defense, that he was not informed of his right to counsel and that he was unable to defend himself, in consequence of which he had no alternative save entry of a plea of guilty. In an affidavit appended to the motion, appellant asserts that he was insolvent “at my trial * * * on February 5, 1962.”
The lower court denied the motion in an order reciting:
“The Court having considered the Motion, after examining the files and records * * * it appearing * * * that the defendant is legally imprisoned * * * [the defendant’s motion is denied].”
Upon examination, the record, while substantiating the fact that appellant appeared' pro se, reveals nothing with respect to the-crucial questions of insolvency or waiver of the right to counsel. While affirmatively indicating that appellant was not found insolvent or informed of his right, it contains nothing indicative of his solvency or his awareness of the right. Accordingly, examination of the record reveals nothing tO' justify the conclusion that appellant “is legally imprisoned.”
Notwithstanding the fact that the record does not “conclusively show the prisoner is entitled to no relief,” the lower *765 court’s order can be sustained if the motion itself is insufficient and fails to state a prima facie case. It is this facet to which the State directed its argument, arguing that the appellant merely alleged insolvency in February of 1962, the time of sentencing and not in December of 1961, the time of arraignment, plea and conviction. Conceding that insolvency, non-representation and non-waiver of representation at the time of sentencing would not justify vacating the conviction, we nevertheless deem it appropriate to reverse the summary denial of the motion and remand the cause for reconsideration.
An examination of the motion reveals that appellant, while directing the substance of his allegations to the arraignment and plea, erroneously indicated the date of these proceedings as February, 1962, the time of sentencing, and not December, 1961, when, in fact, the proceedings were held. Such an error in date should not, in view of an otherwise obvious intent, require denial of the motion.
Rather, in those instances when there are substantial technical defects in pro se motions, a judicious regard for the constitutional rights of criminal defendants suggests that it would not be inappropriate for the trial court, in the exercise of its discretion, to deny the motion on specific grounds without prejudice to a successive sufficient motion or accept the motion and direct amendment thereto at or before the time of hearing. Though quite appropriately the initial decisions with respect to Criminal Procedure Rule No. 1 have emphasized the necessity of correct form and of accurate factual allegations as opposed to vague and conclusional allegations, Roy v. Wainwright, Fla.1963, 151 So.2d 825; Webster v. State, Fla.App.1963, 156 So.2d 890, it is not inappropriate to point out that our Rule is patterned after 28 U.S.C. § 2255 and to recall the remarks of the Supreme Court in Sanders v. United States, 373 U.S. 1, 83 S. Ct. 1068, 10 L.Ed.2d 148, (1963), with respect to motions under the federal statute:
“Petitioner’s first motion * * * was denied because it stated only bald legal conclusions * * * . The court had the power to deny the motion on this ground * * * although the better course might have been to direct petitioner to amend his motion * * * . (373 U.S. at 18-20; 83 S.Ct. 1079, 10 L.Ed.2d 148.)
«$ * *
“Finally, we remark that the imaginative handling of a prisoner’s first motion would in general do much to anticipate and avoid the problem of a hearing on a second or successive motion. The judge is not required to limit his decision on the first motion to the grounds narrowly alleged, or to deny the motion out-of-hand because the allegations are vague, conclusional, or in-artistically expressed. He is free to adopt any appropriate means for inquiry into the legality of the prisoner’s detention in order to ascertain all possible grounds upon which the prisoner might claim to be entitled to relief. * * *” (373 U.S. 22-24; 83 S.Ct. 1081, 10 L.Ed.2d 148).
The Sanders case, cited by our sister court of the First District as “a guideline for those who seek relief [under Rule No. 1],” Webster v. State, supra, suggests a liberal interpretation and application of the federal statute and emphasizes the discretion of the lower court in treating pro se motions. Similar application and interpretation is appropriate with respect to Rule No. 1. In this way Criminal Procedure Rule No. 1 can indeed be an efficient, expeditious and effective procedure adaptable to the peculiarities of motions which obviously allege apparently valid claims. Ashley v. State, Fla.App.1963, 158 So.2d 530.
In view of our decision as to the appropriate exercise of discretion in treatment of pro se motions, the order is reversed and the cause remanded for further consideration.
SMITH, C. J., and KANNER, J., concur.