ALLEN, Judge.
Appellant, having been convicted in 1962 upon a plea of guilty to violation of Fla. Stat. § 810.051, F.S.A., and having filed a motion to vacate that conviction and sentence, here appeals denial of the motion. The State has moved to quash the appeal as frivolous and, upon consideration, the motion must be granted.
Appellant’s motion to vacate, filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, advanced two distinct grounds for relief. One of these grounds, an alleged disparity between the ■crime charged, the crime to which the prisoner pleaded and the crime for which he was sentenced is patently unmeritorious. Appellant was initially charged with breaking and entering a motor vehicle with intent to commit a felony. Upon arraignment he pleaded guilty to the lesser included offense of breaking and entering with intent to commit a misdemeanor and was adjudged guilty of and sentenced for the latter crime. The case is clearly distinguishable from Robinson v. Cochran, Fla.1961, 133 So.2d 310, the case upon which appellant apparently relied.
 The second ground for relief advanced by appellant was embodied in highly general allegations of a denial of counsel at the arraignment and subsequent proceedings. Since the allegations in support of this ground in no way suggest or aver that appellant was insolvent, the motion, with respect to this ground, was insufficient as a predicate for relief. Dias v. State, Fla.App.1963, 158 So.2d 766. However, the lower court did not deny the motion solely on the basis of this insufficiency, but, in a manner consistent with our subsequent decision in Pitts v. State, Fla.App.1963, 158 So.2d 763, considered the motion and the record to ascertain if there was a possibly valid claim to relief. The record conclusively refuted the allegations that appellant was not represented by counsel at arraignment, specifically reciting the name of counsel for appellant. This recitation must prevail over the naked conclusional allegation of the motion.
 The record did indicate that appellant appeared pro se at the sentencing, which fact, with other circumstances, might justify setting aside the sentence. However, appellant’s motion does not allege any fact or circumstance which, considered with the record, would support an inference that the sentence was improperly imposed. As aforesaid, the motion failed to allege in-digency and failed to allege that the right of counsel had not been waived.
In summary, the insufficiency of the motion coupled with the recitation in the record precluded relief .on the basis of a denial of counsel at arraignment, while the insufficiency of the motion justified the court, in the exercise of its discretion, in summarily denying relief on the ground of denial of counsel at sentencing.
*267 Confronted with the patent insufficiency of the motion, the appellant’s attempt to argue error in the lower court’s denial would be frivolous and unavailing.
Accordingly, the appeal is quashed.
SMITH, C. J., and WHITE, J., concur.