160 So.2d 726 (1964)
Lawrence C. ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 63-484.
District Court of Appeal of Florida. Third District.
February 11, 1964.
Rehearing Denied March 4, 1964.
Robert L. Koeppel, Public Defender, and Marco Loffredo, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
HENDRY, Judge.
This appeal is from an order of the Circuit Court for Dade County denying appellant post conviction relief.
The petitioner, a prisoner in Rafford, wrote a letter to the trial judge who had sentenced him to 20 years in the State Penitentiary pursuant to a jury verdict finding him guilty of assault with intent to commit rape.
The letter was entitled, "Petition of Application for Writ of Habeas Corpus  Criminal Court Procedure Rule No. 1, 155 U.S. Supreme Court". In the body of the letter it was stated under oath that he had been denied counsel at his preliminary hearing in violation of his constitutional *727 rights under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 and that the court should set aside his conviction and grant his application for habeas corpus.
Following the receipt of the letter trial judge entered an order reciting,
"The petitioner herein having failed to comply with Criminal Court Procedure Rule #1, the application for Writ of Habeas Corpus is hereby denied.
"DONE AND ORDERED at Miami, Dade County, this 23rd day of May, 1963."
From this order, it is apparent that the prisoner's ambiguous letter was treated by the Circuit Court as a petition for habeas corpus. We think it was error to construe the letter as a petition for habeas corpus rather than a motion for relief under Criminal Procedure Rule No. 1. As was stated in Ashley v. State, Fla.App. 1963, 158 So.2d 530, 531.[1]
"In processing a motion under Criminal Procedure Rule No. 1, it must always be borne in mind that such motions filed by a prisoner pro se should not be scrutinized for technical niceties, since a prisoner is almost always unskilled in the law and cannot be held to a high standard of pleading. * * * It must further be borne in mind that in order to effectuate the announced purposes of Criminal Procedure Rule No. 1, as expressed in Roy v. Wainwright * * * (Fla. 1963, 151 So.2d 825), the procedure and remedy so prescribed must be such that a prisoner may be afforded every procedural benefit available under habeas corpus and necessary to a meaningful investigation of his claim. The courts have the task, therefore, of adapting the procedure to the peculiarities and irregularities of motions which obviously state valid claims. Thus, as a matter of pleading, such motions should be treated with the same liberality as that historically granted by courts in entertaining applications for habeas corpus."
The order appealed from is reversed and the cause is remanded to the circuit court with directions as follows:
Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.
Reversed with directions.
NOTES
[1] See also Sampson v. State, Fla.App. 1963, 158 So.2d 771; Pitts v. State, Fla.App. 1963, 158 So.2d 763.