PER CURIAM.
Earl Lee Hall, appellant, was 'charged under two counts -of an information filed on February 16, 1962, with breaking and entering an automobile with intent to commit a misdemeanor, that of petit' larceny, and with committing petit larceny. He was arraigned on February 19 of that same year, entered a plea of guilty, was so adjudged, and was sentenced on the first count to a term of from.six months to five years in the state prison. The appeal brought by him before this court is from an order of the trial judge denying, without a hearing upon it, a verified motion to yacate and set aside his sentence, filed on April 24, 1963, *528 pursuant to Criminal Procedure Rule' 1, F.S.A. ch. 924 Appendix.
The position of the state is that the motion to vacate fails to reveal any concise allegation that appellant was indigent at the time of his arraignment and thus unable to afford services of an attorney at that time. The trial court, in denying the motion, stated that, after examination of the files and records, it appeared the defendant is legally imprisoned.
The applicable portion of appellant’s motion reads:
“A ‘Pauper’s Oath’, duly sworn and notarized is attached to and made a part of this Petition for the purpose of confirming the fact that, at the time of my trial, I was unable to afford the services of an attorney for my defense and therefor (sic) pled ‘Guilty’ for the purpose of receiving the mercy and good offices of the court in my behalf. It was my belief, at the time, that since I was unable to provide myself with adequate counsel for my defense and not being educationally equipped to defend myself, that a plea of ‘Guilty’ was the most prudent Choice.”
This motion was prepared by the prisoner while in prison and should not be held up to scrutiny for technical niceties. Ashley v. State, Fla.App.1963, 158 So.2d 530.
The words used in the motion, “at the time of my trial,” could only mean at the time of this prisoner’s arraignment and entry of his guilty plea. The language of the motion heretofore quoted is adequate to show that the prisoner was an indigent at that time. The transcript of the proceedings before the trial court contains nothing to controvert this, but the record is completely silent upon the subject.
Appellant was sentenced without having had benefit of counsel to assist him at the time of his arraignment and entry of his plea of guilty; there is nothing to show any waiver of the right to counsel; and later, upon filing of his sworn motion, appellant was afforded no hearing upon it.
The order which is the subject of this appeal is reversed and the cause remanded, with directions to the lower court that appellant be accorded a full hearing on the motion, with the right to him and court-appointed counsel to offer evidence in support of it.
Reversed and remanded with directions.
SMITH, C. J., and KANNER and SHANNON, JJ., concur.