162 So.2d 5 (1964)
Clifton (Clifford) HALE, Appellant,
v.
STATE of Florida, Appellee.
No. E-422.
District Court of Appeal of Florida. First District.
March 10, 1964.
*6 George G. Phillips, Pensacola, for appellant.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
PER CURIAM.
On the 24th day of April, 1960, information was filed by the County Solicitor of Escambia County, Florida, charging appellant Clifton Hale with the crime of assault with intent to murder. The following proceedings were had on May 17, 1960, in the Court of Record in and for Escambia County, Florida, viz.:
"Now on this day came in person the defendant Clifton Hale into open court and upon inquiry by the Court to him as to whether he had counsel or desired counsel, the defendant announced that he was without counsel and did not desire the same. Having been furnished a copy of the information, the said defendant was duly arraigned and entered his plea of guilty to Assault with Intent to Murder as charged in the information filed herein against him. Therefore you having plead guilty as charged, the Court adjudges you to be guilty of said offense as charged.
"Sentence deferred."
Subsequently, the trial court placed appellant on probation for a period of seven years.
On February 10, 1961, the defendant during proper hearing told the court that he had violated the terms of his probation, and the court thereupon adjudged the defendant guilty of violation of probation, revoked probation, and imposed an indeterminate sentence for a term of six months to ten years.
On July 15, 1963, appellant addressed the following communication to the judge of the trial court:
"In the year of 1961 the second month and the tenth day, I Clifton Hale was tried and sentenced to the Division of Correction for a period of six months to ten years. This trial was carried out without I being represented by counsel and due to the fact I was given a probation previously for the same charge, and after being arrested for a misdemeanor I was given this sentence as a violation of the probation. I would like to get my time reduced if possible. I would appreciate it very much if the Court of Record would take this in consideration please sir.
 "/s/ Clifton Hale'
The trial court treated the foregoing communication as a petition for relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, and made the following finding:
"* * * and being advised in the premises finds from the Record in this cause that defendant waived his right, if any, to appointment of counsel in his behalf and voluntarily plead guilty to the offense(s) for which he was adjudged guilty and sentenced, and defendant *7 is not entitled to the relief requested * * *."
On August 4, 1963, appellant filed the following petition:
"Come now the petitioner, Clifton Hale. I am being held in the state prison at the state road camp 3756, Pensacola, Florida, unlawfully. Having been convict of the charge assault with intent to murder and sentence to a term of six month to ten years on this 27th day of September, 1960. Ad in forma pauprise, being insolvent and as a result not being able to employ a counsel I Clifton Hale, the petitioner respectfully states that I was denied do process and equal protection guaranteed by the Fourteen Amendment of the Constitution. The attention of this Honorable Court is directed to the following. Griffin, U.S. Illinois [Griffin v. United States, 336 U.S. 704, 69 S.Ct. 814, 93 L.Ed. 993] Spano, vs New York [Spano v. People of State of New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1255], Gideon vs Wainwright [Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799].
"I the petitioner contends further that the proceedings in the instance case reflect against the spirt of justice once common in the United State. And I prays that this Honorable Court vacate the sentence and conviction of petitioner."
and on the 6th day of August, 1963, the trial court made the following finding in its order:
"* * * and the Court having considered the matter and being advised in the premises finds that defendant previously filed a Motion under Criminal Procedure Rule 1 asserting the same grounds for relief, and said Motion was denied by Order herein dated July 18, 1963 * * *."
We have recited in detail excerpts from these proceedings in order to again reiterate the rule expressed by this Court in Dykes v. State[1] and Mankus v. State[2] to the effect that allegations which amount to nothing more than bald legal conclusions will not serve to warrant an excursion into the facts stated in the judgment assailed. This record discloses that defendant announced that he was without counsel and did not desire same. The allegations set forth in defendant's motion fail to overcome the regularity of the trial proceedings as reflected by the record.
Affirmed.
STURGIS, C.J., and WIGGINTON and RAWLS, JJ., concur.
NOTES
[1] Glenn Dykes v. State, Fla.App., 162 So.2d 675.
[2] Mankus v. State, Fla.App., 161 So.2d 547.