163 So.2d 57 (1964)
Richard BYERS, a/k/a Richard Ampollinl, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-755.
District Court of Appeal of Florida. Third District.
March 31, 1964.
Rehearing Denied May 6, 1964.
*58 Robert L. Koeppel, Public Defender, and W. Eugene Neill, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
CARROLL, Judge.
The appellant was convicted of robbery in a non-jury trial in 1960, and was sentenced to be confined for five years. In July of 1963 he filed a motion to vacate the judgment and for new trial under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. Without a formal hearing such as would permit the taking of testimony the trial court denied the motion, and this appeal followed.
The motion set forth a number of grounds, including one on which the motion should not have been summarily denied. That ground alleged the defendant was "denied the right to obtain witnesses to testify in his favor and * * * to have compulsory process for obtaining witnesses in his behalf."
The grounds of the motion contending the defendant was denied a right to be taken before a committing magistrate without delay, or to be advised of the charge against him and of his constitutional rights, and that he was not given opportunity to post bail, and was held incommunicado for a period of time, were properly rejected by the trial judge, as no prejudice was alleged or shown to have resulted therefrom. In this instance the defendant was tried on a plea of not guilty. See Milton v. Cochran, Fla. 1962, 147 So.2d 137; Roy v. Wainwright, Fla. 1963, 151 So.2d 825, 828; Webster v. State, Fla.App. 1963, 156 So.2d 890; State v. Weeks, Fla. 1964, 166 So.2d 892.
The ground of the motion which stated the defendant was not "given an opportunity to obtain legal counsel," was conclusively refuted by the record, which showed the defendant was represented at the trial by an attorney. Trimble v. State, Fla.App. 1964, 159 So.2d 265.
A further ground of the motion which charged the prosecuting attorney with improper conduct, presumably in the course of the trial, was a bare statement of a legal conclusion, and we will not hold the court in error for rejecting it. See Mankus v. State, Fla.App. 1964, 161 So.2d 547; Dykes v. State, Fla.App. 1964, 162 So.2d 675; Hale v. State, Fla.App. 1964, 162 So.2d 5.
The contention that "On two occasions a witness for the State committed perjury," not accompanied by an allegation that the state prosecuting officials were aware of the falsity of the alleged prejured testimony, did not constitute a ground for relief under Criminal Procedure Rule 1. Gamage v. State, Fla.App. 1964, 162 So.2d 529; Austin v. State, Fla.App. 1964, 160 So.2d 730.
Returning to a consideration of the ground of the motion first mentioned, which charged defendant was denied the right to *59 obtain witnesses and to have process issued for witnesses on his behalf, we conclude, in the interest of justice, that a hearing should be held on the motion as contemplated under the portion of Criminal Procedure Rule 1 which provides:
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."
Accordingly the order appealed from is affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings limited as hereinabove set out, and as provided for in the above quoted portion of the rule.
It is so ordered.