PER CURIAM.
Wesley Hendley appeals an order denying his motion for post-conviction relief, filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. Of the many reasons stated by the trial court as bases for denying relief, none are valid— because the findings are either contrary to the record or entirely dehors the record. We have previously said that motions filed under Rule No. 1 may not be denied without a hearing unless an examination of the motion and the files and records of the cause conclusively show that the’ prisoner is entitled to no relief. King v. State, Fla. App.1963, 157 So.2d 440. Findings of facts outside the record cannot form the basis for summary denial of such a motion. Keur v. State, Fla.App.1963, 160 So.2d 546. Likewise, findings of fact contrary to the record cannot form the basis for denying relief. Where, as here, the record is silent as to whether or not an insolvent defendant requested counsel or was offered counsel, there can be no presumption that such defendant waived his constitutional right to counsel. King v. State, supra.
Notwithstanding the fact that the trial court’s order was based upon erroneous reasons, the order must neverthe *13 less be affirmed. The appellant’s motion did not allege that he was insolvent at the time he entered his plea of guilty. Dias v. State, Fla.App.1963, 158 So.2d 766.
The order is affirmed without prejudice to appellant’s right to file a subsequent motion in the trial court in accordance with the procedure prescribed in the concluding statement made by this Court in Turner v. State, Fla.App.1964, 161 So.2d 11, at 12.
SMITH, C. J., and ALLEN and ANDREWS, JJ., concur.