PER CURIAM.
The appellant seeks review of an order denying his motion under Criminal Rule No. 1, F.R.C.P., F.S.A. ch. 924 Appendix to vacate a judgment and sentence entered pursuant to trial by jury. He was convicted of an assault with intent to commit manslaughter.
There has been filed in this court what appears to be a full and complete transcript of all pertinent pleadings upon which to competently dispose of said collateral attack, consisting of certified copies of the following:
(Date Filed) (Nature of Document)
May 2, 1960 —The Information, charging appellant with assault with intent to commit murder in the first degree.
May 4, 1960 —-Minutes of Court showing arraignment and plea of not guilty.
September 1, 1960 ■ — Minutes of Court reflecting trial by jury and verdict finding appellant guilty of an assault with intent to commit manslaughter.
September 20, 1960 — Minutes of Court adjudging appellant guilty and sentencing him according to law.
October 23, 1963 —Appellant’s Motion under Rule 1, Florida Rules of Criminal Procedure, to vacate said judgment and conviction.
October 23, 1963 —Order denying said motion.
January 23, 1964 - — Appellant’s Motion to trial court for extension of time in which to file Notice of Appeal.
January 24, 1964 - — Order denying said motion.
February S, 1964 —Second Motion of appellant under Rule No. 1, F.R. C.P., to vacate and set aside said judgment of conviction and sentence thereon.
February 5, 1964 —Appellant’s Oath of Insolvency and Motion to proceed in forma pauperis.
February 14, 1964 — Order denying second Motion to vacate, etc.
February 28, 1964 — Another Motion in the form of a letter, seeking to vacate said judgment and sentence.
February 28, 1964 — Motion for Appointment of Counsel to represent appellant on this appeal.
February 28, 1964 — Oath of Insolvency and Motion to proceed in forma pauperis.
March 13, 1964 —Second Motion for Appointment of Counsel to represent appellant herein.
*430 (Date Filed) (Nature of Document)
March 13, 1964 —Second Oath of Insolvency and Motion to proceed in forma pauperis.
March 13, 1964 —Order denying said motion for appointment of counsel.
March 27, 1964 —Petition for Writ of Habeas Corpus addressed to the trial court.
March 27, 1964 —Oath of Insolvency and Motion to proceed in forma pauperis.
March 27, 1964 —Order denying petition for writ of habeas corpus.
April 27, 1964 —Notice of Appeal from the said order entered February 14, 1964.
April 27, 1964 —Assignment of Error to which is attached a copy of said order of March 27, 1964.
April 27, 1964 —Directions to the clerk of trial court for making up the transcript on this appeal, in which the clerk is instructed “to prepare a complete transcript, including but not necessarily being limited to the following:
“1. All papers, letters, exhibits and undertakings of all kind.
“2. Transcripts of testimony including closing arguments by counsel to the Court.
“3. To forward copies of same to the First (1st) District Court of Appeal; the Attorney General of the State of Florida, and, to the Appellant.”
April 27, 1964 —Oath of Insolvency and Motion to proceed in forma pauperis, on which is appended under date of April 28, 1964, an adjudication of insolvency by the circuit judge.
The appellant has now lodged in this court a motion to require the clerk of the circuit court to prepare and file with this court, in addition to the above recited record, a complete transcript of the trial proceedings, including “all papers, letters, exhibits and undertakings of all kind, transcripts of testimony, including closing arguments by counsel to the court.” An indigent person who appeals from an order denying relief pursuant to a collateral attack under Criminal Rule No. 1 upon a judgment and sentence as therein contemplated is not entitled to be furnished with a transcript of the character sought by the motion in this case. He is entitled, of course, to be furnished with a transcript of all proceedings pertinent to the collateral attack made under the rule and in this case that appears to have been done. The motion should be denied and it is so ordered.
Motion denied.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.