PER CURIAM.
In this case the indigent appellant, acting pro se and seeking reversal of an order denying his motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, to vacate a judgment of the Franklin County Circuit Court convicting him of a felony, filed directions to the clerk of the trial court to make up a transcript of record, for the purposes of the appeal, consisting of
“ * * * previous legal motions, transcript of trial and other legal documents, to the First District Appellate Court, Tallahassee, Florida, and to all other parties as deemed by the court, also a copy to petitioner, also acknowledge receipt for notice of appeal- — -assignment of errors, directions to the clerk, motion and request for appointment of counsel for aid on appeal and, affidavit of insolvency for appeal cost attached hereto and made a part hereof.”
Consequent thereon there was filed in this court on April 17, 1964, certified copies of (1) the notice of appeal, (2) the said directions to the clerk, (3) appellant’s assignments of error, (4) appellant’s affidavit of insolvency, and (5) his motion for appointment of counsel to represent him on the appeal. On June 26, 1964, there was filed certified copies of the motion to vacate and the order denying same.
No further action was taken until on June 19, 1964, the appellant, now appearing *602 by counsel, filed in this court, rather than in the trial court as contemplated by Florida Appellate Rule 3.8(a), 31 F.S.A.,[1] a motion to extend the time for filing the record on appeal and for filing appellant’s main brief, and for cause asserted that the clerk of the trial court had failed to comply with the directions for making up the record on appeal.
Upon first considering said motion for extension of time and finding the directions to the clerk vague and indefinite, we entered an executive order requiring the appellant by his counsel to file in this court an addendum to said motion stating with particularity the specific items of the record which the clerk of the trial court had omitted to furnish for the purposes of this appeal. Consequent thereon there was filed a pleading on the part of appellant stating as follows:
■ “The Clerk of the trial Court has failed to forward certified copies of record as directed in Directions to Clerk filed in this cause, to-wit: all previous legal motions, transcript of trial, and all other legal documents pertaining to cause in the lower Court. Additional specific items requested are as follows:
“(a) Indictment;
“(b) Warrant;
“(c) Affidavit of one Herbert O. Marshall;
“(d) Sentence;
“(e) Commitment papers;
“(f) Orders of lower Court in connection with this Appeal;
“(g) All pertinent documents pertaining to all Motions, orders, and ruling of the lower Court.”
It is obvious that such directions call for a record on appeal exceeding that which is. proper or requisite in order for the appellate court competently to review an order of the nature appealed. This court in Hall v. State of Florida, 165 So.2d 428, opinion filed June 23, 1964 detailed the documents there filed upon a similar appeal and held that the same constituted a full and complete transcript of all pertinent pleadings upon which to competently dispose of a collateral attack under Criminal Procedure-Rule No. 1 upon a judgment of conviction, for crime. We adhere to the principle announced in that case.
The clear purpose of rule 3.8(a) is to vest, in the trial court the power and duty initially to pass upon a subject of the character posed by the motion under consideration-The practicality of the rule is obvious for the reason that the judge at the local level is much more conversant than the judges, of the appellate court with the circumstances controlling the performance, in the-language of the rule, of “the things required to be done in the lower court or appellate court and objections to things done, including the fixing or extension of time within which they shall be done.”
Our examination of the record on appeal in the instant case indicates that the only items necessary to the disposition of the appeal and not presently in the record are (1) a copy of the indictment or information upon which the judgment of conviction was rendered; (2) the minutes of court reflecting the judgment of conviction and sentence imposed thereon; and (3) any pertinent documents, testimony or matters of court touching upon the arraignment of the appellant on the criminal charge, his plea thereto, and any data pertaining to the question of whether he had counsel upon the trial and if not, what transpired in refer *603 ■ence .to his being advised of his constitutional right to counsel and his waiver thereof, if the latter occurred.
The motion for extension of time having been first addressed to this court is not in order under the rule. It is thereupon ordered that said motion be and it is hereby denied, without prejudice to the appellant within fifteen days from the date of this order to apply to the trial court for relief in the premises.
Motion denied.
STURGIS, C. J., and CARROLL, DONALD, K., and RAWLS, JL, concur.

. F.A.R. 3.8(a) provides:
“ (a) After the entry of an appeal, but before the record-on-appeal is filed in the Court, the things required to be done in the lower court or appellate court and objections to things done, in-duding the fixing or extension of time ■within which they shall be done, shall be under the supervision of the lower court, subject to the control of the appellate court by motion on proper-notice.”