PER CURIAM.
Milton Gilliard appeals an order denying his petition for post conviction relief filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The petition alleged, inter alia, that the defendant was convicted by perjured testimony. Other allegations pertain to questions which are not proper subjects for Rule 1 relief.
In Brown v. State, Fla.App.1964, 163 So.2d 335, the Third District Court of Appeal held that a defendant is entitled to a hearing on a petition which alleged “use of perjured testimony while the same was known by the State to be such * * In the instant case, the petition is defective in that it fails to allege that the prosecutor “knowingly” used perjured testimony. An allegation merely to the effect that the prosecuting attorney “helped” a witness commit perjury without alleging the required scien-ter is insufficient.
On petitioner’s directions to the clerk tlie State was put to considerable expense to send up the entire transcript of testimony much of which was not material to this appeal. This was a palpable abuse of privilege. In Harris v. State, Fla.App.1964, 161 So.2d 885, the First District properly held:
“ * * * q^e appellant is entitled only to a transcript of the proceedings relating to the collateral attack made by him pursuant to Criminal Procedure Rule Number One * * (Emphasis added.)
Affirmed.
SMITH, C. J., and SHANNON and WHITE, JJ., concur.