TILLMAN PEARSON, Judge
(concurring in part and dissenting in part).
I concur in the reversal and the remand. My dissent is directed to that portion of the opinion which holds that the trial court can consider only that ground in the motion which alleged that the petitioner was deprived of the constitutional right to the effective assistance of counsel at his trial. It is my view that upon remand the trial judge should be allowed to hear and rule upon the motion in its entirety.
There is a basis for this view, I believe, in Criminal Procedure Rule No. 1. It permits a prisoner in custody to move to vacate the sentence, “claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida.” Criminal Procedure Rule No. 1 was promulgated by the Supreme Court of Florida pursuant to the decision of the Supreme Court of the United States in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). See Gideon v. Wainwright, Fla.1963, 153 So.2d 299. The United States Supreme Court based its decision on a holding that a “fundamental right, essential to a fair trial” had been denied to the defendant. The Florida Supreme Court in its opinion indicated that post-conviction relief under the Rule “can be obtained where there is a claimed denial of some fundamental or organic right in the course of the trial.” This language must mean that the prisoner’s right to a determination of his motion extends to all of the circumstances supporting the sentence.
In order to be entitled to this determination the courts have held that the movant need not set forth his claimed deprivation of right with exactitude:
“[I]t must always be borne in mind that such motions filed by a prisoner pro se should not be scrutinized for technical niceties, since a prisoner is almost always unskilled in the law and cannot be held to a high standard of pleading.” Ashley v. State, Fla.App.1963, 158 So.2d 530; Hall v. State, Fla.App.1964, 160 So.2d 527; Andrews v. State, Fla.App.1964, 160 So.2d 726, 727.
These holdings are consistent with the fact that the motion under Criminal Procedure Rule No. 1 is a partial substitute for the traditional office of the petition for writ of habeas corpus, where the informality of the petition is notorious.
It is, in my view, important that courts should not develop a mechanical technique in which certain classes of allegations are disregarded only because they have been ineffective in another case. The question, I think, should remain whether the motion as a whole states in its broadest interpretation a basis for the relief sought under the Rule. Applying this view I come to the conclusion that this motion as a whole requires a determination in the trial court. I refer particularly to the following allegations:
“Petitioner was arrested on June 1, 1963 about 2:30 A.M. and was taken to the Opa Locka, Florida police station, where he was detained without a warrant until around 5:30 a. m. on June 1, 1963; and then transferred to Dade County jail still without a warrant. And was detained in Dade County jail until on or about June 13, 1963 (which dates the records will verify) still without being issued a warrant. At which time the petitioner was taken before a magistrate for the first time after arrest, which is a violation of Rule 5(a) of the Federal Rules of Criminal Procedure. Also Florida Statutes 901.23 and 902.01.”
******
“Petitioner was not aided by counsel doing [sic] his Preliminary (Justice of Peace Court No. 1 in and for Dade County, Florida) on or about June 13, 1963. Therefore being denied due *801 process of law, which is guaranteed to every citizen under the United States and Florida Constitutions. So Petitioner alleges that his constitutional rights have been violated.”