183 So.2d 600 (1966)
Hubert Robert CRUSOE, Appellant,
v.
STATE of Florida, Appellee.
No. 6436.
District Court of Appeal of Florida. Second District.
February 23, 1966.
*601 Hubert Robert Crusoe, in pro. per.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
This is an appeal taken by Appellant (defendant) Hubert Robert Crusoe, from an Order denying, without a hearing, a motion filed by defendant in the Criminal Court of Record for Polk County for relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
*602 The certified Transcript of Record discloses that on June 5, 1964 defendant was sentenced in said Criminal Court to serve five years in the State Prison on each of four Informations charging separate offenses of uttering forged bank checks. These informations bore respectively Criminal Court Nos. 91070, 91071, 91072 and 92172. Sentences under No. 91070 and No. 91072 were to run consecutively, while the sentences under Nos. 91071 and 92172 were to run concurrently with the first two sentences respectively; thus making a total term of servitude of ten years in the State Prison.
The "motion" of defendant, filed on June 9, 1964, was in the usual crude, ungrammatical, disjointed, muddled, misspelled, confused and generally irresponsible pattern of similar handwritten, assembly-line, documents that have been figuratively spewing from the State Correctional Institutions since Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.[1]
Translated into as reasonably coherent language as the contents will permit, the facts therein alleged may be collated as follows:
"Two of the forged checks were not cashed; a third check in the sum of $25 was cashed; he was not charged with forgery in any of the cases; he had no recollection of committing the offenses on May 1, 1964, because he was drunk at the time; he was arrested on May 1, 1964, about 9 o'clock P.M., by an officer who failed to inform him of his right to remain silent and to have counsel; he was held in jail until about noon on May 4, 1964, during which time he was questioned, harassed and intimidated into giving incriminating evidence against himself; no Court hearing was given him until May 11, 1964, when he was arraigned in the trial Court without counsel charged with uttering forged instruments; that he came to Court again on June 5, 1964, at which time he was unable to properly plead his case or present competent defence due to the mental effects of alcoholism; his lawyer gave him no assistance, but acted rather like a second prosecutor; that when he was sentenced on June 5, 1964, the Court was unaware that he was judicially incompetent and was influenced against him by his past sentences; that his counsel failed to inform the Court of his past history of incompetency."
The foregoing is a fair, although somewhat refined, narrative of the "facts" in defendant's motion. The allegations are replete with generalities and conclusions and indicate a clear resemblance to the rather stereotyped form of such motions which started flowing upon the advent of Gideon.
A movant for post-conviction relief must allege factual elements sufficient to constitute a basis for the collateral relief sought, otherwise the motion is deficient. State v. Weeks, Fla. 1964, 166 So.2d 892; Dias v. State, Fla.App. 1963, 158 So.2d 766. This is not to say that such motion should be scrutinized for technical niceties, quite the reverse;[2] but at the same time, facts and not conclusions or *603 suppositions must be set forth. Austin v. State, Fla.App. 1964, 160 So.2d 730; Hale v. State, Fla.App. 1964, 162 So.2d 5; Dykes v. State, Fla.App. 1964, 162 So.2d 675. As to the allegations in the motion covering the period prior to June 5, 1964, the date of the hearing, no semblance of detail is given as to how or in what manner defendant was intimidated or harassed, or what evidence he gave; whether any witnesses ever in fact identified him or how he was unable to properly "plead his case", or why he was unable to present a competent defense.
It is immaterial that two of the forged instruments were not cashed. He was charged with uttering and such offense is not dependent upon the actual passing of the forged instruments, the essence being the intent to defraud another regardless of successful consummation. Hazen v. Mayo, Fla. 1956, 90 So.2d 123; Clark v. State, Fla.App. 1959, 114 So.2d 197, 80 A.L.R.2d 261. He does admit cashing the $25 check involved in case No. 91071, but makes no mention of the two checks involved in Case No. 92172.
The allegation that he had "no recollection" of committing the offenses on May 1, 1964, because he was "drunk at the time" is deficient because (a) he did not say he was too intoxicated to entertain the requisite intent to defraud, Britts v. State, 1947, 158 Fla. 839, 30 So.2d 363, or (b) that he did not become voluntarily intoxicated for the purpose of carrying out the intentions to defraud, Garner v. State, Fla. 1891, 28 Fla. 113, 9 So. 835, or (c) that such intoxication produced a mental condition equivalent to insanity, Askew v. State, Fla. 1960, 118 So.2d 219. The quoted allegation is palpably not equivalent to "having no intent to defraud." Also one of the offenses was alleged to have occurred on May 2, 1964, not May 1, 1964, as to which former date defendant's "recollection" might have been quite vivid. And the State is not bound by the exact date specified in the criminal information as to the commission of the crime, at least in the absence of an ordered Bill of Particulars, and so long as it is within the Statute of Limitations. Skipper v. State, Fla. 1934, 114 Fla. 312, 153 So. 853; Morgan v. State, Fla. 1906, 51 Fla. 76, 40 So. 828; Thorp v. Smith, Fla. 1912, 64 Fla. 154, 59 So. 193.
But aside from all technical deficiencies, such allegations raise only questions of procedural errors or concern matters which were available to be raised by defendant upon a trial of the merits, with the ensuing right of direct appeal from any adverse rulings or verdict, but which cannot be raised on collateral attack by a motion under Criminal Procedure Rule No. 1. Harper v. State, Fla. App. 1964, 168 So.2d 325; Piehl v. State, Fla.App. 1965, 173 So.2d 723; Wilcox v. State, Fla.App. 1965, 171 So.2d 427; Taylor v. State, Fla.App. 1965, 171 So.2d 402; Mason v. State, Fla.App. 1964, 167 So.2d 618; Harris v. State, Fla.App. 1964, 167 So.2d 312; Mitchell v. State, Fla.App. 1964, 167 So.2d 27.
As to that quoted portion of the motion dealing with Court proceedings on June 5, 1964, such allegations either have no factual basis or are refuted by the certified record here.
The record shows that all four informations were filed on May 26, 1964, so patently there was no Court hearing on May 11, 1964, for arraignment or otherwise. It does appear that between the date the informations were filed and when the cases were disposed of on June 5, 1964, the defendant had entered a plea of not guilty to each information, and obviously he could not complain of that Court appearance because he was not harmed. Prior to June 5, 1964, defendant had been adjudged an indigent by the Court and the State Public Defender, Lee Roy Horton, Jr., had been appointed to represent him. On June 5, 1964, defendant appeared in Court with his appointed attorney, and a separate judgment *604 and sentence was imposed on each of the foregoing informations, resulting in the cumulative sentences aforesaid. The judgment and sentence in case No. 91070 is typical of the others, and in its salient parts is as follows:
 "STATE OF FLORIDA NO. 91070
 VS.
 HUBERT ROBERT CRUSOE UTTERING AND PASSING
 alias HENRY ROBERTS A FORGED INSTRUMENT
"The above entitled cause coming on this day for final hearing, pursuant to the Defendant having been declared indigent by the Court and State Public Defender, Lee Roy Horton, Jr., having been appointed for said Defendant, the Defendant appears before the Court with Lee Roy Horton, Jr., State Public Defender, withdraws the plea of `not guilty' which was previously entered herein and freely and voluntarily pleads guilty to the Information filed in said cause, and being asked by the Court if he had anything to say why the sentence of the law should not be passed upon him, offers nothing in bar thereto.
"THEREFORE, the Court adjudges you * * *". (and then follows the adjudication of guilt and the sentence imposed).
From the above judgment, the following facts appear of record:
(1) Defendant had been adjudged an indigent;
(2) The Court had appointed the State Public Defender, Lee Roy Horton, Jr., to represent the defendant;
(3) Defendant changed his previous plea of not guilty to a plea of guilty;
(4) Such change of plea of guilty was voluntarily made by defendant;
(5) The defendant offered "nothing in bar" to imposition of sentence; and
(6) The defendant was represented in person by his Court-appointed counsel.
The post-conviction relief rule is available only when (a) the judgment was rendered without jurisdiction, or (b) the sentence imposed was not authorized by law or was otherwise open to collateral attack, or (c) there has been such a denial or infringement of constitutional rights as to render the judgment vulnerable to collateral attack. Harper v. State, supra. The judgments here involved clearly pass such test.
The certified record here shows that the trial Judge was fully informed of the defendant's previous sanity record. The defendant had at some time in the past been adjudged incompetent, but it appears from the trial Judge's order that such incompetent disability had been removed and the defendant's sanity judicially restored on December 18, 1962 (a date prior to any of the dates material to this case), and such restoration was evidenced by certified copy of order of Hon. Richard A. Bronson, County Judge of Polk County, Florida, filed in the Criminal Court case and made a part of the record here. So all references in defendant's motion to his "history of incompetency" and the trial Judge's lack of knowledge thereof must yield to the affirmative showing of the certified record. See Albright v. State, Fla.App. 1964, 163 So.2d 895; Abbott v. State, Fla.App. 1964, 164 So.2d 243; Dykes v. State, supra; Murray v. State, Fla.App. 1964, 162 So.2d 313; Hale v. State, Fla.App. 1964, 162 So.2d 5; Everett v. State, Fla.App. 1964, 161 So.2d 714.
*605 Furthermore, the record discloses that this was the second motion for relief from the same sentences filed by defendant under Rule No. 1, a previous similar motion having been filed on February 4, 1965 and denied by the same trial Judge. In his order denying the instant motion, entered on June 9, 1965, the trial Judge made specific reference to the previous motion and his denial thereof, observing that "no grounds have been raised in this instant petition which were not raised and fully considered in the previous petition." Criminal Procedure Rule No. 1 specifically provides inter alia that 
"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."
See also Manning v. State, Fla.App. 1964, 167 So.2d 616; Simpson v. State, Fla.App. 1964, 165 So.2d 195.
Finally, with reference to the competency of defendant's counsel, the motion is clearly insufficient. The record shows that defendant was represented by the Public Defender at the time he changed his plea from not guilty to guilty and the judgment of the Court shows that his guilty plea was freely and voluntarily entered. This is sufficient. Williams v. State, Fla. App. 1964, 165 So.2d 197. The motion must fairly show in what way and in what respects counsel was incompetent or of substandard level; and any alleged conclusion is insufficient in the absence of a factual basis therefor. Francis v. State, Fla.App. 1964, 168 So.2d 684; Miles v. State, Fla. App. 1965, 174 So.2d 576; Clark v. State, Fla.App. 1965, 174 So.2d 773; Gillyard v. State, Fla.App. 1965, 175 So.2d 798. Here the motion was completely devoid of factual support for any allusion to inefficiency.
The order appealed from[3] is
Affirmed.
ALLEN, C.J., and LILES, J., concur.
NOTES
[1] This has been officially noted by Mr. Justice Clark of the U.S. Supreme Court who, in an opinion filed in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, a companion case to Gideon v. Wainwright, supra, commented: "We all know that the overwhelming percentage of in forma pauperis appeals are frivolous. The statistics of this Court show that over 96% of the petitions filed here are of this variety" (in the 1961 U.S. Supreme Court Term only 38 of 1093 in forma pauperis petitions for certiorari were granted and out of 44 in pauperis appeals, all but one were summarily dismissed).
[2] Hall v. State, Fla.App. 1964, 160 So.2d 527; Andrews v. State, Fla.App. 1964, 160 So.2d 726.
[3] This extended opinion is written largely to illustrate the multitude of practically identical motions which, without any factual basis therefor, have literally clogged both the trial and appellate Courts since adoption of Criminal Procedure Rule No. 1; and to justify affirmance of such a large number of appeals in this class of cases by Memorandum or Per Curiam disposition.