SMITH, Chief Judge.
In 1959 appellant, under F.S.A. §§ 782.07 and 860.01, respectively, was charged in an information with manslaughter in two counts in the killing of Anthony Winbush, one by culpable negligence in the operation of a motor vehicle and the other by the operation of a motor vehicle while intoxicated. While represented by counsel he was tried before a jury which returned a verdict of guilty on both counts, and the defendant was sentenced to a term of six months to fifteen years on each count, each sentence to run concurrently with the other.
On July 15, 1965, he filed, in person, a motion for relief pursuant to Criminal Procedure Rule No. One, F.S.A. ch. 924 Appendix, alleging:
“1. No preliminary hearing,
2. No counsel for a preliminary hearing,
3. Tried, convicted and sentenced without due process of law,
4. No grand jury indictment,
5. Double jeopardy,
*490 6. Petitioner was not advised of his constitutional lights by the court.”
The motion then follows with several pages of citations of authorities, which the movant believed to be pertinent to the foregoing allegations, elaborated with statement of facts only to the effect that the court erroneously gave him two sentences on one and the same offense because in both counts he was charged with the killing of the same person. He concludes that this constituted double jeopardy.
The public defender filed directions -to the clerk which would have the effect of bringing to this court all of the record of the trial court beginning with the information, the court minutes of the trial, the reporter’s transcribed notes of the trial, together with the Rule One motion and the order denying relief. The assignments of error begin with the statement that the verdict was contrary to the law and the evidence and is not supported by the law or the evidence and continues with assignments relating to the admissibility of evidence, the denial of the motion for directed verdict of not guilty, alleged errors in the court’s charge to the jury and then concludes with assignments directed to the denial of the Rule One motion. The notice of appeal was filed September 13, 1965, and the cause has not progressed in accordance with the rules. This court has, therefore, taken the cause up for consideration on its own motion.
Except for those pertaining to the sentence all of the allegations in the motion are nothing but bald conclusions unsupported by any statement of fact, and we would be warranted in quashing the appeal as frivolous under the authority of Dykes v. State, Fla.App.1964, 162 So.2d 675. Much has been written recently about frivolous appeals from orders denying relief sought under Rule One. See Breamfield v. State, Fla.App.1964, 166 So.2d 484; Trimble v. State, Fla.App.1964, 159 So.2d 265, and Crusoe v. State, Fla.App.1966, 183 So.2d 600 (Second District Opinion filed February 23, 1966).
Were it not for our concern over the needless expenditure of public funds in the prosecution of such appeals we would comment no further. This record, however, gives us the opportunity to establish further guide lines which we hope will reduce not only the expenditure of public funds hut the time of this court in appeals such as this. We point out, therefore, that the assignments of error couched in the language of assignments from the original judgment and sentence are entirely unnecessary, and, more importantly, there is no reason to bring to this court the trial proceedings and the reporter’s transcribed notes. See Hall v. State, Fla.App.1964, 165 So.2d 428. Nothing alleged in the motion presents any questions of fact arising at the trial for determination by this court. A Rule One motion does not bring to the appellate court questions of sufficiency of the evidence, errors of law, or other procedural deficiencies. As stated in the rule, in order to be entitled to relief the motion must allege facts, and the court must find that the judgment was rendered without jurisdiction, that the sentence imposed was not authorized by law or is otherwise open to collateral attack or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. Then, and only then, may the trial court vacate the judgment or correct the sentence. Although Criminal Procedure Rule No. One is relatively new, in order to prevail a movant has the same burden as he historically had when he collaterally attacked a judgment. The rule has not changed the grounds for relief; it has merely changed the procedure for determining the grounds for relief.
In Carr v. State, Fla.App.1965, 180 So. 2d 381, the court noted in an appeal from a judgment and sentence prosecuted by court-appointed counsel for an insolvent that the law does not require court-appoint *491 ed counsel to present to the court assignments of error or points on appeal that are without merit. We specifically approved the public defender filing a motion making representations to the court that there was a total absence of any justiciable issue to be presented on appeal, and, when supported by a record so demonstrating, the court quashed the appeal as frivolous. The same avenue is open to a public defender prosecuting an appeal from a Rule One motion except that he need only present the essential parts of the record pertaining to the Rule One motion, they normally being copies of the motion and the order denying relief and where necessary copies of the information or indictment and court minutes showing arraignment. Ordinarily, this will present a record sufficient for the court to act, either on the public defender’s motion to withdraw or on the state’s motion to quash.
Adverting now to the only allegations of fact presenting any justiciable issue, we note that the jury found the defendant guilty in one count charging manslaughter by culpable negligence and in the other count charging manslaughter by the operation of a motor vehicle while intoxicated. The same person was killed as a result of each criminal act. The information charged only one offense. The separate counts charged the commission of that offense by different acts, and there can be only one sentence. The words in the sentence “for each count, each sentence to run concurrently with the other” added nothing to the judgment nor do they subtract anything from the judgment. They may be deleted as surplusage. Johnson v. State, 1946, 157 Fla. 685, 27 So.2d 276 (cert. denied 329 U.S. 799, 67 S.Ct. 491, 91 L.Ed. 683).
This appeal is frivolous. An order will be entered quashing t^f appeal.
ANDREWS and WALDEN, JJ., concur.