ON MOTION TO REQUIRE COURT REPORTER TO PREPARE TRANSCRIPT
PER CURIAM.
In this appeal from an order entered by the Circuit Court for Volusia County, Seventh Judicial Circuit, denying the appellant’s motion to vacate his judgment of conviction and sentence entered by that court, the appellant, through his attorney, has filed in this cause a motion requesting this court to enter an order directing a certain deputy official court reporter of the said circuit court to transcribe or cause to be transcribed on a date certain a transcript of the trial proceedings in this cause. .As grounds for such request the appellant alleges in his motion that his counsel “after diligent inquiry and entreaty of said Deputy Official Court Reporter has been unable to procure a transcript of the trial proceedings in this cause” and “because of the failure of said Deputy Official Court Reporter to furnish the undersigned with a transcript of the trial proceedings, the undersigned has been and is unable to file a brief on behalf of Appellant in accordance with the Order of this Court.”
The charges made by the appellant in his said motion against the deputy official court reporter involve one of the most troublesome matters in the administration of criminal justice in this state today — the failure or inability of court reporters to prepare transcripts for appellants in criminal cases in time to comply with the rules of the appellate courts. The failure of the appellants thus to file their records in time under the rules often leads to a dismissal of their appeals, while the appellants helplessly sit in their jail cells, unable to influence the reporters into a timely preparation of their records. On the other hand, the appellate courts are handicapped in solving this problem, for they usually have no means of ascertaining the truth concerning the reporter’s delay. Some delays by reporters may be justified by unavoidably heavy workloads, sickness, etc., but other delays are obviously not justified. A complication in this situation is the fact that a court reporter is technically not a party to the appeal, although he is regarded as an officer of the court, so that the usual procedure of drawing factual issues based upon the pleadings of the parties does not seem appropriate as a means of solving this dilemma. Under these circumstances we have determined upon the following procedure as proper and fair to all concerned in order to resolve the problem before us:
The Honorable Robert H. Wingfield, a judge of the said Circuit Court who entered the order appealed from herein, is appointed as a Commissioner to receive such testimony and evidence as may be necessary to determine the truth of the allegations in the appellant’s said motion, and to report the same, together with his findings and recommendations, to this Court. Both the said deputy official court reporter and the appellant’s said attorney shall be given a full opportunity to present such testimony and evidence. The Commissioner shall include among his recommendations to this Court a recommendation as to what action, if any, this Court should take in order to assure that the transcript of trial proceedings shall be prepared and filed in this cause as soon as reasonably possible.
In rendering this opinion and order we are not unmindful of the rule which we recognized in Hall v. State, 165 So.2d 428, 430 (Fla.App.1964), that an indigent person who appeals from an order denying his motion to vacate pursuant to Criminal Procedure Rule No. 1 is not entitled to *823 a complete transcript of the trial proceedings, hut “is entitled, of course, to be furnished with a transcript of all proceedings pertinent to the collateral attack under the rule * * To the same effect see Harris v. State, 161 So.2d 885 (Fla.D.C.A.1st, 1964) and Gilliard v. State, 171 So.2d 902 (Fla.D.C.A.2d, 1965). In view of this rule we think that in the case at bar it would be appropriate for the Commissioner to make findings and recommendations in his report to this court as to what portions of the trial transcript are pertinent to this appeal and thus what portions the official deputy court reporter should be required to prepare.
CARROLL, DONALD K., Acting C. J., and RAWLS and JOHNSON, JJ., concur.