PER CURIAM.
This appeal is from an order of the Criminal Court of record of Dade County denying a motion of the defendant, filed under Rule 1.850 CrPR, 33 F.S.A., for relief from a judgment of conviction and the sentence being served thereon.
The appellant, with two others, was charged by information with breaking and entering with intent to commit a felony, to-wit: grand larceny, and with petit larceny. On December 14, 1967, he was found and adjudged guilty. The statement of the case in appellant’s brief contained the following:
“The Court sentenced the Defendant to ten (10) years in the state prison for breaking and entering with intent to commit a felony and withheld sentencing as to petit larceny.
“Post-Conviction Relief Petitions, Rule 1.850, Florida Rules of Criminal Procedure, were filed essentially alleging insufficiency of evidence to sustain convictions, lack of jurisdiction to impose sentence, excessiveness of sentence, and inadequacy of defense by Court-appointed attorney.”
 We find no error in the ruling of the trial court denying the motion. The sentence imposed was one which was authorized for the offense of which the appellant-defendant was found and adjudged guilty. The appellant’s contention of insufficiency of the evidence to sustain the judgment must be rejected on his motion under Rule 1.850 CrPR. Aside from the impediment against raising that question on review, where, as here, it appears that no timely motion for new trial was made, the contention of insufficiency of evidence to support the judgment, being a matter reviewable on appeal, is not an acceptable ground for relief under Rule 1.850. See Harper v. State, Fla.App.1964, 168 So.2d 325; Crusoe v. State, Fla.App.1966, 183 So.2d 600; Stewart v. State, Fla.App.1966, 184 So.2d 489. The contention as to inadequacy of counsel was not urged here.
Affirmed.