164 So.2d 243 (1964)
Loyd ABBOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 4489.
District Court of Appeal of Florida. Second District.
May 20, 1964.
Robert E. Jagger, Public Defender, and Joseph F. McDermott, Asst. Public Defender, Clearwater, for appellant.
*244 James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Acting Chief Judge.
Appellant, by motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, in the lower court and by this appeal from an order denying the motion, suggests that the right to counsel guaranteed him by the Fourteenth Amendment to the Constitution of the United States was denied him in proceedings resulting in a sentence under which he is now in the State's custody. Specifically, appellant, an indigent, alleged and here urges that he was denied counsel at preliminary hearing, arraignment and sentencing.
Upon receipt of the motion, the lower court appointed counsel to represent appellant in argument thereon, consulted the files and records in the cause and denied the motion, finding that the alleged denial of counsel at preliminary hearing was not shown to have constituted denial of due process and that appellant had been "represented by counsel throughout the [other] * * * proceedings." After consideration of the briefs and the record forwarded us upon appellant's instance, we must affirm the lower court insofar as it denied application to vacate the judgment of conviction, but reverse and remand the cause for further proceedings on so much of the motion as sought to set aside the sentence imposed consequent upon conviction.
With respect to the alleged denial of counsel at preliminary hearing, it is well established, to date, that the assistance of counsel at this usually non-critical or non-essential stage of a criminal proceeding is not an absolute requisite of due process of law. To constitute a violation of due process, the denial of counsel at preliminary hearing must be shown to have resulted in prejudice to the defendant in some subsequent proceedings, or it must be shown that under the circumstances of the case, the preliminary hearing was a "critical" stage in the proceeding. See e.g. Webster v. State, Fla.App. 1963, 156 So.2d 890. Neither appellant's motion nor the record suggest the existence of these latter factors. Indeed, the record here does not include anything indicating that a preliminary hearing was held or that the circumstances attendant to arrest were such as to require preliminary hearing. Compare Fla.Stats. §§ 901.06 and 901.23, F.S.A., with Fla. Stat. § 909.04, F.S.A.
With respect to the alleged denial of counsel at arraignment the record substantiates the lower court's finding, affirmatively reciting the appointment of counsel at arraignment after entry of a not guilty plea and the presence of counsel with appellant during the consequent trial.
Finally, with respect to the alleged denial of counsel at sentencing, the record does not recite the presence of counsel at sentencing and is entirely silent as to any waiver of the right to counsel at that time. Inasmuch as we have, in Evans v. State, Fla.App. 1964, 163 So.2d 520 a decision and opinion filed after entry of the order here appealed, determined that the right to counsel at the time of sentencing, unless intelligently waived, is a right guaranteed a defendant in a proceeding on a felony charge, we must reverse the lower court's summary denial of the application to set aside the sentence and remand the cause for further proceedings to determine if, in fact, the appellant's aforementioned right was denied him. King v. State, Fla.App. 1963, 157 So.2d 440.
Affirmed in part, reversed in part, and remanded.
SHANNON, J., and WILLIS, ROBERT E., Associate Judge, concur.