WHITE, Judge.
Robert Mathis appeals an order denying his petition for post conviction relief pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The petitioner was indicted for rape of a ten year old girl. At the preliminary hearing the court inquired whether or not the defendant had an attorney and, after learning that he had none, inquiry was directed to defendant’s financial ability. The court concluded that the defendant was indigent and announced that counsel would be appointed to represent the defendant throughout the proceedings. At the arraignment the defendant announced that he was satisfied with his appointed counsel and entered his plea of not guilty.
Subsequently the defendant conferred with his counsel and pleaded guilty to the lesser included offense of assault with intent to commit rape. On appeal he contends that his rights were violated because he was not afforded counsel at his preliminary hearing, but it was not shown that the preliminary hearing was a critical stage of the proceedings. See Fauls v. State, Fla. App.1964, 164 So.2d 35; Abbott v. State, Fla.App.1964, 164 So.2d 243. The record conclusively shows that the defendant was, in fact, competently represented by counsel at all critical stages of the proceeding with the full understanding and approval of the defendant.
Affirmed.
ALLEN and ANDREWS, JJ., concur.