JOHNSON, Judge.
This is an appeal from an order denying a motion to vacate judgment of conviction and sentence imposed thereon, brought pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
The basic ground of the motion was lack of representation. The allegation is made that on the day of arraignment and trial, the court requested a practicing attorney to consult with the defendant and advise him. Said attorney did consult with the defendant for a short while and then recommended that the defendant withdraw his plea of not guilty and enter a plea of guilty.
*186 At the hearing on the motion to vacate; the attorney so appointed, testified, inter alia: “Based on what he told me I reached the conclusion that he was guilty and I told him that probably that would be his best way out, to go ahead and plead guilty.”
Defendant contends that his constitutional rights have been violated because the attorney appointed to represent him did not properly do so, and relies upon Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and a number of other cases, none of which are controlling in this case.
This court is aware of just how far the United States Supreme Court has gone to throw the cloak of protection around one accused of committing a crime, but we do not think that even such' court has or will attempt to fix the required time limit necessary for a competent attorney to ascertain from an accused whether he is guilty of the charge or not. It can be readily seen that if the accused contends his innocence that it will take the attorney longer to prepare his defense, but, if the accused readily admits the facts as' charged to be true, certainly it does not require any specific time for a lawyer to advise such accused of his rights and to make recommendations as to his plea.
In the instant case, the trial court found that the defendant was represented by competent counsel, who as an officer of the court, is presumed to fulfill his ethical obligation as such, and therefore, the defendant’s contention that he was not represented by counsel is a mere conclusion of the pleáder and not only is not supported by any factual allegations, but the record discloses the same to be an untrue statement of fact and therefore without merit. Dancy v. State, Fla.App., 175 So.2d 208.
The order appealed is affirmed.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.