RAWLS, Chief Judge.
The appellant has tajeen this appeal from an order entered by the Circuit Court for Bradford County denying his motion for post-conviction relief in a proceeding pursuant to Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
Appellant frames the primary point on appeal as: “If a defense counsel is not appointed to defend the accused until the actual day of his trial and the cause then proceeds immediately to trial, does such appointment fulfill the requirements of due process of law, wherein each person charged with a crime is entitled to representation by counsel?”
The record in this cause shows that in 1950 the appellant was charged by information with the crime of breaking and entering with intent to commit grand larceny and the crime of assault with intent to murder, both offenses being felonies under Florida law. The court minutes of several days later recite that the said *730 two cases were called and that the appellant, being present in open court, “stated that he was not represented by Counsel and that he had no funds with which to employ Counsel.” The minutes then state that the court “then appointed” a certain practicing attorney of the circuit “to represent him in the case.” The record further shows that at the same hearing the appellant “being present in open Court accompanied by Counsel” was duly arraigned and pleaded guilty to the said charges; and that the court then convicted him and sentenced him to 15 years confinement in the State Penitentiary on the first charge and 20 years on the second, the said terms to run consecutively.
Basic allegations that appellant sets forth in his motion to vacate and set aside the judgments of conviction and the sentences are: (1) That he was “incompetent to law and was indigent, and * * * was not appointed counsel until the actual day of his trial and the cause then proceeded immediately to trial.” (2) “Therefore, on the day of the defendant’s trial (at the conclusion of which he received 20 years in the State Prison) as he stands before the Court, * * * the Court at that moment appoints a lawyer to defend him (who not only knows nothing about the facts in the case or the position of the defendant but does not even have an opportunity to consult and talk with the defendant about his defense). * * *” Elaborating upon this argument, the appellant also asserts in his motion that his said court-appointed attorney had no opportunity to interrogate him “minutely and precisely” about his part in the charged offenses, nor an opportunity to search for witnesses who might assist in the defense.
Stripped to bare essentials, we are here concerned with the appellant’s conclusion that his counsel did not have adequate time to prepare for trial. It is elementary that the state and federal constitutional provisions require that counsel, court-appointed or privately employed, must be afforded a reasonable time to prepare for trial.[1] However, this court is-not here confronted with a motion by counsel to allow him a reasonable time to' prepare for trial as was the case in Solomon and Brooks. The record being silent upon the subject, it must be presumed that counsel, in his judgment, thought he had adequate time in which to confer with his-client, for his client to advise him of his guilt, and to stand by the side of defend-' ant while he entered his plea of guilty.. Such a conclusion is buttressed by defendant’s silence at the time of his sentencing,, and his ensuing silence for fifteen years,, for at no time has he sought to withdraw-his plea of guilty. This record does show that defendant stated in his motion for relief:
“This case took place in 1950 and at that time under the laws of the state- and under the laws of the Supreme-Court of the United States in the-case of Betts v. Brady, 316 U.S. 455 [62 S.Ct.] 1252 [86 L.Ed. 1595], it was not a requirement that the accused have counsel appointed for him. Therefore the defendant cannot say that his appointed lawyer failed to perform his duty in a proper and correct manner under the circumstances, and the statements herein are not in any sense to be considered or construed as an indictment of the actions of defendant’s court appointed counsel in this cause, in light of the legal precedents then existing. The accused, in all candor, cannot complain. Times have changed, however, and the precedents have changed.
* * * * * *
“As stated before defendant did not here impugn the motives of this court apointed lawyer in his defense of this *731 cause but this court must consider the actions taken place in 1950 under the strong light now being cast upon these actions as the law exists today.”
It is apparent from the foregoing that •defendant does not predicate this attack upon allegations of incompetent counsel.
Individuals accused of crimes possess extensive constitutional rights which must be safeguarded. Such rights include a freedom of choice on the part of defendant to plead guilty or not guilty. Likewise, organized society in order to exist possesses certain rights, among these being the right to a speedy trial of those accused of transgressing the laws of society. It must be assumed from the record that the state had present and waiting its witnesses to testify against the accused and the necessary veniremen to sit as his peers. We cannot at this date, more than 15 years later, assume that these witnesses are available. It appears that this defendant seejcs to escape an adjudication of guilt, not because of something the state did, or failed to do, but because he pleaded guilty with counsel by his side.
Watson v. State[2] is not applicable. There, as in Brooks v. State and Solomon v. State, the defendant was put to trial shortly after procurement of counsel upon a plea of not guilty. Trial upon a plea of not guilty necessarily requires time for counsel to confer with witnesses, issue subpoenas, investigate veniremen, etc., all of which are unnecessary in the case of a guilty plea. This defendant was not accused of committing sophisticated offenses requiring extensive research to determine his guilt. He was charged with breaking and entering a specific building (store) on a specific date with intent to commit a felony (larceny of goods of the value of more than fifty dollars) and with assaulting a named individual on a specific date with a certain .deadly weapon (a pistol) with a premeditated design to kill and murder the named individual. Obviously, it did not require any great length of time for defendant to tell his lawyer that he broke into a named store on a certain date with intent to steal goods of a value of more than fifty dollars and that he shot a named individual on a certain date with intent to kill him.
The ethics controlling the obligation and relationship between an attorney and his client are the same today as they were in 1950. Neither the Gideon v. Wainwright [3] nor any other recent United States or State court decision pertaining to the right of an accused to be represented by counsel, whether chosen by accused or appointed by the court, have altered this relationship. It can only be presumed that if the attorney appointed to represent the accused in 1950 felt that additional time was needed for him to properly advise the accused, he would have requested a continuance. Since the record does not reflect such a request, defendant’s counsel apparently felt that he had adequate time for conferring with his client and preparing for trial. It does not take any particular length of time for a person to relate an incident of guilt. Bare facts are sufficient.[4]
The Second District Court of Appeal was confronted with the same basic question in State v. Daniels.[5] There the trial judge in a rule one proceeding found from the record that “ * * * competent counsel was appointed, but it is apparent that in the seventy minutes Court was in session on August 21, 1945, even such competent counsel could not obtain for nor accord to the indigent defendant due process as guaranteed by the duly recognized safeguards.” In setting aside the *732 trial judge’s order granting a new trial, the appellate court held inter alia: “To abstractly hold that the length of time between which counsel is appointed and client pleads guilty is too short- to allow counsel to become acquainted with the factual and legal issues of the case, smothers the realities and practicalities of this case.”
Federal decisions upon this subject are enlightening. In Goforth v. United States [6] it was held that failure to appoint counsel for accused until a few minutes before commencement of trial of accused did not result in denial of his constitutional rights to effective assistance of counsel where appointed counsel took an active and effective part in the trial, exercised the right of cross examination and clearly presented accused’s defense since the record did not show where Goforth suffered any prejudice. In Brinegar v. United States[7] the Sixth Circuit Court of Appeals held that the competence of counsel cannot be determined solely on the basis of the amount of time he spent in interviewing the appellant and that the trial court did not abuse its discretion in refusing to allow the accused to dismiss his appointed counsel and substitute privately-employed counsel after the trial had been in progress for half a day. Likewise, this record fails to show any allegation going toward the incompetence of counsel; it simply is McCray’s position that he is entitled to a new trial because his lawyer had no opportunity to interrogate him “minutely and precisely * *
In United States v. Wight[8] counsel was appointed at the first call of the calendar. In his motion to vacate sentence, defendant alleged that he conferred with his counsel only fifteen minutes and then pleaded guilty; that such shortness of time deprived him of the effective assistance of counsel. The Second Circuit Court of Appeals held that the fact that a defendant conferred with court assigned counsel for about IS minutes, between assignment and the time the case was reached, did not establish denial of the constitutional guarantee of conscientious competent counsel. In so holding, the court stated:
“Moreover, time consumed in oral discussion and • legal research is not the crucial test of the effectiveness of the assistance of counsel. The proof of the efficiency of such assistance lies in the character of the resultant proceedings, and unless the purported representation by counsel was such as to make the trial a farce and a mockery of justice, mere allegations of incompetency or inefficiency of counsel will not ordinarily suffice as grounds for the issuance of a writ of habeas corpus or the granting of a petition pursuant to 28 U.S.C 2255.”
The Second Circuit reaffirmed the foregoing principle in United States v. Tribote [9] wherein it stated :
“ * * * the allegation that the consultation between appellant and his-assigned counsel was ‘short’ does not support a conclusion that the proceedings which followed were, as a result, ‘a farce and a mockery of justice.’ ”
The judicial decisions of the last few years have discovered new concepts of due process as same relates to indigents accused of committing criminal offenses, such as (1) right to court-appointed counsel at all critical stages of prosecution, (2) a plea of guilty may not be construed as a waiver of counsel, and (3) waiver of counsel must be intelligently made and this must be apparent from an examination of the record. The foregoing grounds have been explored in detail by those in *733 carcerated. This defendant candidly states in his brief “ * * * an increasing trend in right to counsel causes is for prisoners to attack their sentencing (sic) on the grounds of inadequate representation.” To sustain this collateral attack made on a judgment of conviction entered upon a plea of guilty would constitute an indictment of the trial judges of this state and of every member of the bar.
We find no merit in appellant’s remaining point on appeal.
We find that the question considered is one of great public interest as contemplated by Section 4(2), Article V, Constitution of the State of Florida, F.S.A., and, therefore, we will certify this case to the Supreme Court pursuant to said constitutional provision.
Affirmed.
JOHNSON, J., concurs.
CARROLL, DONALD K, J., dissents.

. Solomon v. State, 138 So.2d 79 (Fla.App.1st, 1962); Brooks v. State, 176 So.2d 116 (Fla.App.1st, 1965).

. Watson v. State, 169 So.2d 887 (Fla.App. 3d, 1964).

. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

. See Simpson v. State, Fla.App.1st, 181 So.2d 185, December 14, 1965.

. State v. Daniels, Fla.App.2d, 178 So.2d 44, August 27, 1965.

. Goforth v. United States, 314 F.2d 868 (10th Cir., 1963).

. Brinegar v. United States, 290 F.2d 656 (6th Cir., 1961).

. United States v. Wight, 176 F.2d 376 (2nd Cir., 1949).

. United States v. Tribote, 297 F.2d 598 (2nd Cir., 1961).