PER CURIAM.
Appellant has appealed an order entered by the Court of Record of Escambia County denying his motion for relief filed pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. The sole point on appeal *715 ■challenges the action of the trial court in denying appellant’s motion for relief without affording him an evidentiary hearing thereon as permitted by the rule.
An examination of the motion filed by appellant reveals an absence of any allegation to the effect that at the time of his arrest and trial he was indigent and unable to procure the services of counsel. Allegation and proof of indigency is an indispensable prerequisite to relief from a judgment of conviction on the ground that the petitioner was unlawfully denied the right to counsel.[1] The record of the court minutes discloses that at the time of his arraignment appellant was asked whether he had or desired counsel and replied that he was without counsel and did not desire the same. This record is refuted only by the unsupported conclusion stated in appellant’s motion that at the time of his trial he was denied equal protection of the law in that he was deprived of the assistance of counsel to represent him.
In the order appealed the trial court found from the record of the cause that motions for relief similar to the one filed in this case were filed by appellant on June 4, 1963, October 24, 1963, January 2, 1964, and January 8, 1964, all of which were duly considered by the court and denied. The order denying the last motion filed by appellant was appealed to and affirmed by this court. The order appealed comes to this court with a presumption of correctness, and there is nothing in the record on appeal to challenge its verity. The trial court is not required to entertain successive motions by the same party seeking the same relief on essentially the same grounds.[2]
It appears that appellant’s principal contention is predicated on the assumption that because his codefendant, Henry Mason, was held to be entitled to an eviden-tiary hearing on the motion for relief filed by him,[3] appellant should likewise be entitled to a similar hearing. The factual allegations contained in the motion filed in the Mason case are totally different from those contained in the motion filed by appellant herein, so the Mason decision .cannot be relied on as precedent to support appellant’s position here.
The order appealed is affirmed.
RAWLS, C. J., and WIGGINTON, and CARROLL, DONALD K., JJ., concur.

. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1962).

. Criminal Procedure Rule 1.
“ * * * The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. * * * ”

. Mason v. State, (Fla.1965) 176 So.2d 76.