PER CURIAM.
Appellant has filed this appeal from a denial of a motion to vacate sentence filed pursuant to Criminal Procedure Rule One, F.S.A. ch. 924 Appendix. Appellant was arrested and two informations were filed against him. One charged him with assault with intent to commit murder in the first degree and the other charged him with aggravated assault.
A hearing was held before the circuit judge, at which time the State agreed to accept a plea of guilty to the offense of aggravated assault. The appellant was represented by the public defender at this hearing and entered a plea of guilty. The court thereupon adjudicated appellant guilty of aggravated assault and sentenced him to three years imprisonment at hard, labor, with credit for time served in jail.
Subsequently the appellant filed his first motion to vacate judgment and sentence under Criminal Procedure Rule One. This motion was denied. No appeal was taken from the denial of this motion, so the allegations contained in this motion will not be considered in this appeal.
Some time later the appellant filed a second motion to vacate judgment and sentence under Criminal Procedure Rule One. The two grounds asserted in this motion are that the appellant was not represented by counsel at his preliminary hearing and that the police failed to advise appellant that he could have counsel and that he did not have to make a statement without counsel. This motion was denied and the appellant brings this present appeal.
Under Criminal Procedure Rule One .a court is not required to entertain a second or successive motion for relief when a prior motion for similar relief, based on substantially the same grounds, has been denied. Boone v. State, Fla.App.1966, 183 So.2d 869; and Coleman v. State, Fla.App. 1966, 183 So.2d 714. Appellant’s second motion contains substantially the same grounds as were contained in his first motion. Although we are not required to consider this second motion, we will make some short comment about the allegations contained therein.
 The mere fact that an accused is not represented by counsel at a preliminary hearing is, in and of itself, insufficient to render the accused’s judgment and sentence vulnerable to collateral attack under Criminal Procedure Rule One. Montgomery v. State, Fla.1965, 176 So.2d 331; and Mathis v. State, Fla.App. 1964, 168 So.2d 77. There is no showing that the preliminary hearing was a critical stage of the proceedings against appellant, or that any prejudicial error occurred at the preliminary hearing. Thus the fact that appellant was without counsel at the hearing was not error.
Appellant alleges that he should have been advised that he did not have to make *184 any statement outside the presence of counsel. However, there is no indication in the record that appellant made any statement or, if he did make a statement, that it was used to his prejudice. Clearly this cannot constitute error.
The other allegations of error claimed by the appellant are violations of the guidelines set forth by the United States Supreme Court in the case of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. However, the Miranda case has no application to appellant’s case since his trial was held prior to the Miranda decision. Under the case of Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the United States Supreme Court held that the principles of the Miranda case would not be retroactive.
Finding no error in the record, the order appealed is affirmed.
Affirmed.
SHANNON, Acting C. J., and PIERCE and HOBSON, JJ., concur.