PER CURIAM.
This appeal is from a final order denying appellant’s motion for relief filed pursuant to Criminal Rule No. 1, F.S.A. Ch. 924 Appendix.
The appellant was indicted for murder in the First Degree on March 13, 1956. The jury rendered a verdict of guilty without a recommendation for mercy and appellant was sentenced to death. The appellant appealed this conviction to the Supreme Court, which reversed and remanded the case for a new trial. See Wells v. State, Fla., 98 So.2d 795 (1957).
Subsequently appellant entered a plea of guilty as charged and, upon a recommendation of mercy by the state attorney, was adjudged guilty and was sentenced for the remainder of his natural life.
This is appellant’s third motion for post conviction relief. The only point argued by appellant’s counsel goes to the issue of whether the record affirmatively shows that appellant’s privately retained counsel was personally present in the courtroom when appellant entered his plea of guilty and was sentenced.
In appellant’s first motion for post conviction relief filed June 10, 1963 and denied *21 July 2, 1963 this same issue was raised. Further, in appellant’s second motion filed April 8, 1964 this issue was again raised and relief was subsequently denied.
Criminal Procedure Rule No. 1 provides in part that: “The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.” There is also considerable case law to this effect. See Rankin v. State (Fla.App.1964) 168 So.2d 324; Carpenter v. State (Fla.App.1965) 176 So.2d 610; Hall v. State (Fla.App.1966) 183 So.2d 277; Hunt v. State (Fla.App.1966) 183 So.2d 858, and Thompson v. State (Fla.App.1966) 187 So.2d 363.
The order appealed from is accordingly .affirmed.
SHANNON, Acting C. J., and PIERCE and HOBSON, JJ., concur.