201 So.2d 85 (1967)
James Ralph PLYMALE, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-812.
District Court of Appeal of Florida. Third District.
July 11, 1967.
*86 Frederic Hofmann, Miami, for appellant.
Earl Faircloth, Atty. Gen. and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
This is a proceeding involving a petition filed pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. Following the rendition of the opinion reported in Plymale v. State, Fla.App. 1966, 182 So.2d 57, the appellant's petition for relief came on for evidentiary hearing before the trial court, wherein the appellant [represented by counsel] was present and testified. From the record, it appears that the appellant was charged with five informations filed in 1961; three relating to robbery and the others relating to assault with intent to commit a felony [murder in the first degree].
In 1961, the appellant pleaded guilty to the robbery charges. In 1963, he was returned to the trial court and, upon a plea of guilty, sentenced on the remaining counts with the sentences to run concurrently with those imposed on the robbery charges. Thereafter in December of 1964, approximately four and one-half years after his first convictions and sentences and one and one-half years after his appearance before the trial court on the assault charges, he filed a petition for the first time in which he alleged he was coerced into making a false plea of guilty in the robbery charges in 1961 by alleged threats to his family and friends. Also, that his counsel was incompetent at the time of the 1961 adjudications. This court, upon prior opinion, held these grounds to state a prima facie case and ordered a hearing. After hearing appellant's testimony, the trial court denied the relief sought. This order of denial is now before us for review. We affirm.
The action of the trial court arrived in this court with a presumption of correctness. See: Coleman v. State, Fla. App. 1966, 183 So.2d 714; Coleman v. State, Fla.App. 1967, 193 So.2d 699. It is incumbent upon the appellant to demonstrate error. See: San Fratello v. State, Fla.App. 1963, 154 So.2d 327; Brown v. State, Fla. App. 1966, 192 So.2d 794. If the evidence in the record on appeal, viewed in a light most favorable to the trial court's ruling, supports the order he should be affirmed. See: Crum v. State, Fla.App. 1965, 172 So.2d 24; Hennessy v. State, Fla.App. 1967, 198 So.2d 37.
Examining this record in light of these principles, it is apparent that under the circumstances the appellant's counsel at the 1961 proceedings was not guilty of any incompetency upon the information furnished him prior to the pleas. See: McCray v. State, Fla.App. 1966, 181 So.2d 729; Brown v. State, Fla.App. 1966, 191 So.2d 612; State v. Barton, Fla. 1967, 194 So.2d 241. It does not appear, from the evidence, that the trial court was in error in determining that the appellant's plea of guilty in 1961 was not coerced. See: Kent v. United States, 1st Cir.1959, 272 F.2d 795; Cortez v. United States, 9th Cir.1964, 337 F.2d 699; cf. Brown v. United States, 5th Cir.1953, 204 F.2d 298. It is noted that the appellant had ample opportunity to present this alleged coercion plea in the trial court in 1963, when he appeared before the trial court on the assault charges, but declined to make any such allegations known at that time. Instead, the appellant went before the trial court and pleaded guilty to two charges of assault with intent to commit a felony [murder in the first degree], and received sentences to run concurrently with those already being served. No valid excuse for this silence is found in the record. The opportunity was then present for the appellant to voice his grievances in regard to *87 the proceeding in 1961. He chose to remain silent. This standing, alone, may not be sufficient to deny his petition, but certainly this action should have a bearing on his credibility which was for the trial court to determine.
Therefore, finding no error in the order here under review, same is hereby affirmed.
Affirmed.