BARKDULL, Judge.
The appellant was informed against in the Criminal Court of Record in and for Dade County, Florida, charged with the violation of certain statutes of this State. He employed counsel of his own choosing, demanded a jury trial, was tried by a jury of his peers, and convicted. Judgment and Sentence accordingly. Thereafter, with his private counsel he prosecuted an appeal to this court which reviewed the matter and affirmed the action of the trial court. See: Gysin v. State, Fla.App.1963, 151 So.2d 349. The appellant filed a petition seeking relief under Criminal Procedure Rule No. 1, F.S. A. ch. 924 Appendix, which relief was denied. Subsequently he filed a second petition for relief under Criminal Procedure Rule No. 1, which relief was denied and the trial judge made the following finding:
******
“* * * the Movant was able to employ counsel for the proceedings of this-cause and that the Court has already denied a previous Motion for Relief under Criminal Procedure Rule 1, filed by the Defendant in this cause upon similar grounds.”
******
This order has now been brought on for review by the appellant in proper person. He was tendered the services of counsel to be paid by the State of Florida, which he declined and elected to prosecute this appeal in proper person.
We find no error in the order under review. The second petition sought relief upon the same grounds urged in the first. Coleman v. State, Fla.App.1966, 183 So.2d 714; Cameron v. State, Fla.App.1967, 196 So.2d 182; Wells v. State, Fla.App.1967, 197 So.2d 20. And, even if the court had a right to proceed under the second petition and the contents thereof were taken as true, the grounds urged were not sufficient for a collateral attack on the verdict, judgment and sentence. See: Marti v. State, Fla. App. 1964, 163 So.2d 506; Gilliard v. State, Fla.App.1965, 171 So.2d 902; Hall v. State, Fla.App.1966, 183 So.2d 277; Whitney v. State, Fla.App.1966, 184 So.2d 207.
Therefore, for the reasons above stated, the order here under review is hereby affirmed.
Affirmed.