PIERCE, Judge.
This is an appeal by appellant Herstree Tyrone Grant from an order summarily denying a second motion to vacate his previous conviction under former Criminal Procedure Rule 1.
On April 13, 1966, Grant was informed against in the Hillsborough County Criminal Court of Record for the offense of armed robbery, and on May 25, 1966, after trial by jury, he was found guilty, and on the same day was sentenced by the Court to serve 20 years in the State Prison.
On December 12, 1966, defendant Grant filed motion under Rule 1 to vacate the conviction and sentence, which motion was denied on December 27, 1966. This order of denial was not appealed and thereafter became final. On August 6, 1968, defendant filed his second petition for vacation of the conviction under Rule 1. This motion was likewise denied on September 5, 1968, it being recited therein that the allegations contained in the, second motion had been made in the previous motion which had already been ruled upon and had become final. Grant appeals to this Court from the order denying the second motion.
The only ground contained in the motion now before this Court that was not urged in the first motion has to do with the absence of counsel for Grant at a pretrial line-up in connection with his identification by witnesses. Grant relies upon the cases of Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. But the opinions in Gilbert and' Wade were handed down on June 12, 1967, or over a year after trial, conviction and sentence of Grant in the instant case, which was on May 25, 1966. This second District Court in Lawson v. State, Fla.App. 1968, 215 So.2d 790, following the U.S. Supreme Court in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, held that the Wade and Gilbert cases affect “only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after * * * June 12, 1967.” So Grant’s point respecting absence of counsel at the time of pre-trial identification line-up must fail.
As before stated, all other grounds in the second motion were contained in the previous motion, the denial of which had become final. Former Rule 1, now CrPR. 1.850, 33 F.S.A., says that “the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.”
*723 Many cases give vitality to the above quoted portion of the Rule by holding that successive petitions for post-conviction relief based upon the same ground or grounds will not be considered. Fields v. State, Fla.App.1967, 202 So.2d 226; Richardson v. State, Fla.App.1967, 202 So.2d 137; Weeks v. State, Fla.App.1967, 201 So.2d 764; Wells v. State, Fla.App.1967, 197 So.2d 20; Cameron v. State, Fla.App. 1967, 196 So.2d 182; Mitchell v. State, Fla. App.1967, 203 So.2d 676, cert. den. 392 U.S. 913, 88 S.Ct. 2073, 20 L.Ed.2d 1371.
The trial Court properly denied the second petition to vacate and such order is hereby affirmed.
Affirmed.
HOBSON, C. J., concurs.
MANN, J., concurs specially with opinion.