235 So.2d 729 (1970)
Lawrence G. SANGAREE, Jr., Petitioner,
v.
Raymond HAMLIN, Sheriff of Leon County, Florida, Respondent.
No. 39488.
Supreme Court of Florida.
May 13, 1970.
Rehearing Denied June 23, 1970.
*730 William F. Daniel, of Cotten, Shivers, Gwynn & Daniel, Tallahassee, for petitioner.
Earl Faircloth, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
In an original proceeding, petitioner seeks a writ of habeas corpus releasing him from custody on the ground no preliminary hearing was granted petitioner prior to the return of an indictment charging him with murder in the first degree.
Petitioner alleges that he was arrested at 1:00 a.m., on Monday, February 2, 1970, in Franklin County, Florida, and was interrogated repeatedly for a number of hours in Franklin County and Leon County without benefit of counsel and without benefit of warning of his constitutional right to remain silent. Petitioner admitted at oral argument that an indictment was returned by the Grand Jury on Friday, February 6, 1970.
The complaints of petitioner are quite similar to those of Palmieri in Palmieri v. State, 198 So.2d 633 (Fla. 1967), where the Court held that detention of a defendant for ten days upon an arrest without a warrant and without being taken before a magistrate was improper, but reversal of his conviction was not required under the circumstances.
The purpose of Fla. Stat. § 901.23, F.S.A., is to require an officer, after arrest and without unnecessary delay, to make or cause to be made an affidavit before a magistrate upon which a warrant should issue, or give the prosecuting attorney sufficient evidence upon which an information can be filed. The custom of making arrests without warrant and confining a prisoner in jail for an indefinite time before applying for and obtaining the issuance of a warrant is condemned. See Milton v. Cochran, 147 So.2d 137 (Fla. 1962).
However, a preliminary hearing is not a step in due process of law and is not a prerequisite to a criminal prosecution or the filing of an indictment or information. Baugus v. State, 141 So.2d 264 (Fla. 1962), cert den., 371 U.S. 879, 83 S.Ct. 153, 9 L.Ed.2d 117.
The delay between an arrest without warrant and the appointment of counsel could have an important bearing upon the admissibility of an ad interim confession. The questions raised by the petition for writ of habeas corpus are more appropriately raised during the trial of the case for review upon appeal in the event of a *731 verdict adverse to the petitioner. Under the principles set forth in Palmieri v. State, supra, the allegations of the petition are insufficient. The petition is, therefore,
Denied.
CARLTON and BOYD, JJ., concur.
THORNAL, J., concurs in opinion and judgment with opinion.
ERVIN, C.J., dissents with opinion.
THORNAL, Justice (concurring).
I concur in the opinion prepared by Justice Adkins because of his holding that the asserted remedy by habeas corpus is an inappropriate procedural approach to the relief sought. I do not thereby preclude a re-valuation of the problem should it arise by a motion to quash or an objection at the trial to evidence or the fruits of evidence illegally obtained.
ERVIN, Chief Justice (dissenting).
For reasons indicated below, I do not believe questions presented by this habeas corpus proceeding, and relief appropriately fashioned in accordance with resolution thereof, must necessarily be deferred to the trial stage.
In addition to the allegations described in the majority opinion, Petitioner in an amendment to his petition alleges:
"That Petitioner was unlawfully arrested, unlawfully interrogated following arrest without benefit of counsel or warning of his right to remain silent, unlawfully detained in Leon County Jail and unlawfully subjected to a `planted' jail-cell police companion disguised as a prisoner, who `pumped' him verbally for information and turned the information over to the State.
"That 4 days after his unlawful arrest, the State took all the illegal evidence, it had gathered, including statements by Petitioner, without benefit of counsel or warning of his right to remain silent, to the Leon County Grand Jury and got an illegal indictment against him for first degree murder. That if Petitioner had been promptly taken before a committing magistrate and had been given an immediate preliminary hearing as provided by law, the magistrate would have released him, or admitted him to bail because the evidence would not have been clear of his guilt or the presumption of guilt great under the evidence; and thereafter the State would not have obtained the illegal evidence it presented to the Grand Jury because of his unlawful arrest and unlawful detention. That the failure to grant him a preliminary hearing where the State would be required to establish a prima facie case to hold and detain him, has resulted in the gathering of illegal information and evidence after detention and the issuance of an illegal first degree murder indictment by the Grand Jury based on the fruit of the illegal tree.
"That the technique by the State of denying Petitioner a preliminary hearing before a committing magistrate is deliberate and is calculated to permit the State to unlawfully hold the accused without bond in order to gather evidence for an indictment or information after arrest, and which evidence they do not have at the time of arrest; and this represents an unreasonable and unconstitutional practice resulting in denial of due process of law, equal protection of the law and effective immediate benefit of legal counsel in the defense of Petitioner. * * *"
The foregoing allegations no doubt raise a questionable issue as to whether the authorities lawfully discharged their duty under F.S. § 901.23, F.S.A., to present Petitioner upon arrest before a committing magistrate without unnecessary delay. I readily agree with the majority opinion herein so far as it describes the purpose of *732 § 901.23 as implementing a procedure designed to obviate the custom of confining a prisoner in jail for an indefinite time after arrest before applying for and obtaining the issuance of an arrest warrant. However, the fact that the presentation before a magistrate without unnecessary delay after an arrest with a warrant is also required (F.S. § 901.06, F.S.A.) strongly indicates that § 901.23 is not limited exclusively to the purpose described in the majority opinion.
Practically considered, the primary function of both § 901.06 and § 901.23 is to operate so as to timely trigger implementation of the procedural rights and requirements set out in Rule 1.122, Florida Rules of Criminal Procedure, 33 F.S.A. Rule 1.122 specifically prescribes certain duties of a committing magistrate when a defendant is brought before him, either with or without an arrest warrant. Paragraph (a) of this rule is substantially the same as former F.S. § 902.01, F.S.A., and is patterned to a large extent after its Federal counterpart, Federal Criminal Procedure Rule 5(b).
When the requirements of § 901.06 and § 901.23 are complied with by arresting authorities, a canopy of procedural protection is afforded an accused by virtue of Rule 1.122. First, presentation of an accused person before a magistrate upon arrest insures that the accused "will be advised of his constitutional rights by a judicial officer, rather than an enforcement officer, before running the gantlet of extensive and protracted interrogation at the hands of law enforcement authorities." Perkins v. State, Fla., 228 So.2d 382, 391. Adherence to such a procedure no doubt amplifies the protective safeguards envisioned in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1066), and thereby serves to diminish the risk that an accused person will be duped or forced into making incriminating statements. Certainly, an accused person who, promptly after arrest, is fully advised by a judicial officer of the constitutional rights available to him, is less likely either unwillingly or unwittingly to supply incriminating information which, either in one form or another, may later prove to be the basis of his indictment and conviction.
The majority opinion herein appears to recognize the importance of the above-discussed procedures and their relationship to the admissibility of an "ad interim" confession. However, the majority feels that such considerations are more appropriately deferred to the trial stage of the proceedings. Deferring such considerations to the trial stage does not in all cases, it seems to me, supply a remedial measure sufficient to cure the harmful effects arising from violation of the above described procedures. For example, in some situations the ad interim confession by an accused secured as a result of the failure to accord the procedural rights herein discussed may function as a lead to other incriminating evidence. An accused, of course, is entitled at trial to the exclusion of such tainted evidence provided the vital link establishing the tainted nature of such evidence can be demonstrated. The problem here lies in fact that by the time the trial stage is reached it is difficult, if not sometimes impossible, for a defendant to establish the tainted implication of incriminating statements so as to obtain full advantage of the exclusion requirement. Under such circumstances a properly conducted preliminary hearing under Rule 1.122 may afford an accused a threshold opportunity to challenge the admissibility of evidence gathered by the State, the success of which may mean a showing of probable cause cannot be sustained thereby entitling an accused to be discharged from custody.
The primary procedural right conferred by Rule 1.122 is an accused unqualified right, in the absence of a written waiver, to a preliminary hearing. It is well settled, of course, that a preliminary hearing is for the purpose of determining whether *733 there exists probable cause to hold an accused person for trial. Montgomery v. State, Fla. 1965, 176 So.2d 331; Davis v. State, Fla. 1953, 65 So.2d 307. Although a finding of probable cause is not essential to a subsequent prosecution of an accused person for criminal charges, I think it is time we reexamined the general belief that a preliminary hearing can be completely eliminated from the procedural picture in the discretion of prosecuting and arresting authorities.
Commencing with Mr. Justice Drew's lucid dissent in Dawson v. State, Fla. 1962, 139 So.2d 408, 418, law enforcement authorities in this state were judicially warned that the failure to promptly adhere to the requirements of F.S. § 901.23, F.S.A. and F.S. § 902.01, F.S.A. (now Rule 1.122) could not be excused or tolerated. See also opinion of the Attorney General, State of Florida, No. 061-128, August 8, 1961. This same warning was asserted by a majority of this Court in Milton v. Cochran, Fla. 1962, 147 So.2d 137, in terms which forecast that continued violation of these procedural requirements could only result in the McNabb-Mallory[1] rule, or some version thereof being adopted in this State.
Although the Federal judiciary has failed to implement the caveat expressed in Milton v. Cochran, supra, on the basis the McNabb-Mallory rule is not of constitutional dimensions [see Van Ermen v. Burke, 398 F.2d 329 (7th Cir.1968), Cert. denied 393 U.S. 1004, 89 S.Ct. 494, 21 L.Ed.2d 468], I fail to envision any sufficient reason why law enforcement authorities should continue to disregard our prior admonishments. Accordingly, I think the time has come to explore in certain terms whether the failure to timely grant a preliminary hearing precipitates potentially harmful results so as to warrant appropriate remedial measures.
As alluded to above, a finding of probable cause is essential to a magistrate's jurisdiction to order the commitment of an accused person to stand trial. Sullivan v. State ex rel. McCrary, Fla. 1951, 49 So.2d 794. Thus, at least in those instances prior to an indictment being returned or an information being filed against an accused, the holding of a proper and timely preliminary hearing may in fact mean the difference between committal and an accused's right to be discharged from custody. Under such circumstances, it can hardly be contended that habeas corpus or some other remedy would not lie to redress the potentially wrongful detention of such an accused person. In this respect the fact that a preliminary hearing is not necessarily a critical step in the due process sense to a fair trial carries little importance. The plain fact remains that Rule 1.122 unqualifiedly, except upon written waiver of the accused, requires a preliminary hearing to be held. There is no discretion under the Rule allowing arresting or prosecuting authorities to short-circuit the procedures required therein. The mandatory requirement of Rule 1.122 is, it seems to me, sufficient authority compelling this Court in the exercise of its supervisory power concerning the administration of rules promulgated by it, to fashion whatever relief is necessary to secure proper compliance with said Rule. In this respect, a showing of harm likely to be precipitated by noncompliance with the rule is a sufficient predicate for this Court to initiate the necessary remedial measures. The failure to so act indicates this Court is content to acquiesce in, or to adopt a passive position concerning situations manifesting unequal application of Rule 1.122. Moreover, such situations can hardly be deemed compatible with the equal protection requirements of both the State and Federal Constitution.
*734 I am fully cognizant that in the present case an indictment was returned against Petitioner only four days after his arrest. The obvious contention therefore raised is that under these circumstances the absence of a finding of probable cause via a preliminary hearing cannot generate prejudice, since any further detention of Petitioner pursuant to the indictment is lawful. Concomitantly, it may be argued that to require a preliminary hearing at this stage cannot be justified since the same could in no way vitiate the indictment of the Grand Jury, and, at best, merely would be duplicitous of the function already performed by the Grand Jury proceedings. If the single procedural right conferred by Rule 1.122 is simply to require the release of an accused person absent a reasonable basis on which to substantiate a finding of probable cause, I would unhesitatingly acquiesce in the above asserted contentions. However, I do not find this to be the case.
It is quite true that the purpose of Rule 1.122 is to provide a proceeding for determining whether probable cause can be shown to hold an accused for trial. However, in effectuating such a purpose, Rule 1.122 also confers upon an accused person procedural rights which are unquestionably distinct and superior to whatever rights are available to an accused at the ex parte grand jury and information stage of the proceedings. For example, under Rule 1.122 an accused person at a preliminary hearing has the right to the presence of counsel, the right to compulsory attendance of witnesses and the right to confrontation and cross-examination of witnesses. Such rights can hardly be said to be meaningless from the standpoint of the fair and lawful discovery of evidence to be used at trial, to mention only one of the obvious benefits naturally flowing from the full adversary nature of such a judicial proceeding. Therefore, considering the practical operation of Rule 1.122, no justifiable reason can be advanced for condoning situations in which the benefits naturally attending a properly conducted preliminary hearing can be discriminately bypassed and denied. Similarly, deferring a preliminary hearing until after the indictment proceedings and information stage have been finalized does not seem to be compatible with the intent and design of the Rule. It is impossible to measure with any accuracy the potential effects that a properly conducted preliminary hearing may unveil in terms of subsequent efforts by prosecuting authorities to successfully obtain an indictment by a grand jury. It may well be that the suppression of certain information at a preliminary hearing will dissuade prosecuting authorities from seeking a return of an indictment before a grand jury. In some situations, it may even be possible for an accused through protective orders to preclude authorities from submitting evidence to the grand jury which was properly suppressed at the preliminary hearing. The point here is that there is a right and wrong sequence for the timing and holding of a preliminary hearing and when the wrong sequence is followed, the mere potentiality of harmful effects attending such out-of-sequence application of Rule 1.122 is sufficient to require corrective measures of relief.
Moreover, where as in the instant case, it is alleged that ad interim interrogations were employed to extract incriminating evidence from the accused that is later presented before the grand jury, the import of a preliminary hearing and the procedural rights relating thereto may be elevated to a "critical stage" proceeding by virtue of the constitutional requirements of due process and fair trial. Compare Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, and White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.
In the present case, I would view the petition for writ of habeas corpus as a general request for relief commensurate with the allegations therein set forth. Accordingly, it being admitted petitioner has *735 not been accorded a preliminary hearing in this matter, I would quash the indictment of the Grand Jury, and order that petitioner be given the right to a preliminary hearing as required by Rule 1.122, Florida Rules of Criminal Procedure.
If petitioner is not duly afforded a preliminary hearing in compliance with such Rule he thus would be entitled to be discharged from custody with prejudice against subsequent prosecution for the alleged offense for which he was arrested.
After a preliminary hearing is duly held in proper sequence as the Rule requires, it would then be permissible for the Grand Jury to return an indictment.
NOTES
[1] McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. The interworking of these two decisions in the federal system under Federal Criminal Rule 5 is generally referred to as the McNabb-Mallory rule.