243 So.2d 427 (1971)
George R. HARRISON, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Adult Corrections, Respondent.
No. 0-55.
District Court of Appeal of Florida, First District.
January 12, 1971.
Rehearing Denied February 12, 1971.
Louis O. Frost, Jr., Public Defender; and Gerald Sohn, Asst. Public Defender, for appellant.
No appearance for appellee.
SPECTOR, Judge.
Petitioner has filed an original habeas corpus action in this court by which he seeks to be released from prison, his conviction by a jury on charges of armed robbery notwithstanding, or, alternatively, that this court order his conviction and sentence to be for naught and require that a new trial be held.
The sole ground for release or new trial advanced by petitioner is that the State failed to provide him with appointed counsel at the preliminary hearing during which the robbery victim identified him as the robber and that such failure was a denial of his right to counsel at a critical stage in the criminal process. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, decided on June 22, 1970, is cited as controlling authority in the premises by petitioner.
The point advanced as phrased by petitioner begs the question. In denominating a preliminary hearing as a critical stage in the criminal process, petitioner ignores the many holdings in this jurisdiction stating that a preliminary hearing is not a critical stage in the prosecutive process. Only recently, our Supreme Court in Sangaree v. Hamlin, 235 So.2d 729, reaffirmed the principle in question by stating:
"* * * a preliminary hearing is not a step in due process of law and is not a prerequisite to a criminal prosecution or the filing of an indictment or information." (Citing Baugus v. State, Fla., 141 So.2d 264, cert. den. 371 U.S. 879, 83 S.Ct. 153, 9 L.Ed.2d 117)
In Coleman, the Supreme Court recognized the holdings of the Alabama courts that a preliminary hearing is not a required step in an Alabama prosecution, but nevertheless ruled that the test of the criticality of a step in that process did not rest *428 on whether such step  in this case a preliminary hearing  was a required step in the process. Rather, the test invoked to determine the necessity of presence of counsel was "* * * whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." (90 S.Ct. Page 2002) Thus, although Florida courts have held, as noted above, that a preliminary hearing is not a critical stage in the criminal process, apparently under Coleman the determination of right to counsel at any given stage of the prosecution must rest not upon whether the particular stage is one which is required as part of the prosecutive process but rather upon "* * * whether the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial * * *." (90 S.Ct. Page 2002) Applying the "potential substantial prejudice" test to determine criticality rather than the "required step" test, the Coleman court held that a preliminary hearing is a critical stage of the prosecutive process in the State of Alabama.
Petitioner contends that the United States Supreme Court's decision in Coleman v. Alabama, supra, dictates a similar ruling in the case at bar. In Coleman, the court stated that failure to have assistance of counsel in an Alabama preliminary hearing was potentially prejudicial because:
"First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail." (90 S.Ct. P. 2003)
The reasons advanced by the court in Coleman for invoking the resultant rule in Alabama do not obtain under Florida law. It is of no consequence here that the presiding judge at a preliminary hearing to determine probable cause prior to indictment or information may refuse to bind the accused over. The prosecuting officer in Florida is empowered to proceed with the filing of an information against the accused even if no probable cause was found in a preliminary hearing. Sangaree v. Hamlin, supra, and State v. Hernandez, 217 So.2d 109 (Fla. 1968).
Moreover, Section 909.04, Florida Statutes, F.S.A., authorizes the holding of a preliminary hearing at the request of the defendant during which the issue of probable cause may be tested if it is believed, as indicated by the court in Coleman, that the exposure of fatal weaknesses in the State's case may lead to the dismissal of the charges. We recognize that in a practical sense, assistance of counsel is invariably necessary to assert the rights of defendants discussed herein. Yet, under Florida law, no defendant can long be without benefit of counsel inasmuch as Section 27.59, Florida Statutes, F.S.A., expressly empowers the public defender and his assistants to inquire of all persons incarcerated for 48 hours or more and to tender them advice and counsel regarding their rights.
The need for skilled examination of the witnesses to expose weaknesses in the State's case prior to trial or to establish a predicate for impeachment of state witnesses by skillful examination, or even to preserve testimony favorable to the accused of a witness who does not appear at the trial, is amply satisfied in this jurisdiction by the liberal discovery procedure *429 available to defendants accused of criminal conduct. See Florida Rules of Criminal Procedure, Rule 1.220, 33 F.S.A., relating to discovery generally, and Rule 1.190(l), providing for taking of depositions to perpetuate testimony.
The Rules of Criminal Procedure in force in Florida permit counsel prior to trial to "* * * effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial." (90 S.Ct. Page 2003) The same procedural rules are equally efficacious tools for "* * * making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail." (90 S.Ct. Page 2003)
Thus, it clearly appears that the very interests or rights of a defendant which the Coleman court held were being sacrificed or lost in Alabama criminal proceedings because of the failure to appoint counsel for defendants at such preliminary hearings are in fact preserved to persons charged with crime in Florida by operation of the Florida Rules of Criminal Procedure  a protection afforded by Florida to its citizens prior to the Supreme Court's ruling in Coleman.
Petitioner suggests that had counsel been provided for him at the preliminary hearing, he might have been able to lay a proper predicate for impeaching the complaining witness who appeared against him at the preliminary hearing as well as the trial; and, he further suggests, if he could have thusly impeached the complaining witness, the jury might have given less credence to the testimony of an accomplice who corroborated the complaining witness' testimony by also identifying petitioner as one of the robbers. Constitutional imperatives can hardly stand upright if supported only by a series of conjectural and speculative suppositions.
No acceptable argument is made by petitioner to demonstrate that the interests sought to be protected by the Supreme Court's ruling in Coleman in an Alabama criminal proceeding are not adequately protected by the Florida Rules of Criminal Procedure referred to above in a criminal proceeding in this State. Simply stated, Florida has already provided the safeguards contemplated by the Coleman decision by our adoption of the Florida Rules of Criminal Procedure.
It must be remembered that the decision in Coleman v. Alabama is not the harbinger of hope to those whose conviction is preceded by a preliminary hearing in which the defendant was not represented by counsel as was the case in the aftermath of the decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. In Gideon no consideration was given to the question of prejudice or harm resulting from the absences of trial counsel. Thus, failure to be represented by counsel at trial resulted in a new trial in all cases, no matter how clear and convincing the proof of guilt was and without regard to the defendant's ability to demonstrate harm and prejudice by such denial of counsel. In Coleman, however, the Supreme Court was careful to consider the question of the relief to which a defendant who had been denied counsel at the preliminary hearing is entitled. The court resolved the question of appropriate relief by remanding the case to the Alabama state courts for a proceeding to determine whether denial of counsel was harmless error and provided that a conviction could be reinstated upon a finding that no harm or prejudice resulted from lack of counsel.
Our holding that the rule announced by the Supreme Court in the Coleman case is inapplicable in Florida for the reasons discussed above requires that the petition herein be denied.
WIGGINTON, Acting C.J., and CARROLL, DONALD K., J., concur.