PIERCE, Chief Judge.
Stanley Cavanaugh, appellant herein, defendant in the trial Court, appeals to this Court from an order denying defendant's motion to vacate the judgment and sentence theretofore entered against him.
On October 27, 1967, Cavanaugh was informed against in the Pinellas County *517 Circuit Court for the offense of obtaining property in return for a worthless check. On January 9, 1969, he was arraigned and entered plea of not guilty. Upon trial by jury he was found guilty as charged and, on March 3rd, 1969, was adjudged guilty and sentenced to a term in the State Prison.
On August 20, 1970, Cavanaugh filed in the trial Court a motion to vacate the judgment and sentence aforesaid, pursuant to CrPR 1.850. The primary thrust of the motion is that he was without counsel at his preliminary hearing, that later his counsel lacked sufficient time to adequately prepare for trial, and that he was ineptly represented at trial by his Court-appointed counsel. The trial Court summarily denied the motion and Cavanaugh has appealed to this Court. We affirm.
As to the preliminary hearing, the record shows that such hearing was held prior to the filing of the information, even though Cavanaugh had in fact waived preliminary hearing. Cavanaugh made no statement at the preliminary hearing as to his guilt or innocence. So far as the record shows there was not even a plea entered at that time. No reference was made during the trial to the preliminary hearing or anything that transpired at such hearing. Also it does not appear from the record brought here that the preliminary hearing in this case was a critical stage of the criminal proceedings against him. There is no merit in the allusion to a preliminary hearing. See Cameron v. State, Fla.App.1967, 196 So.2d 182; Abbott v. State, Fla.App.1964, 164 So.2d 243; Brookins v. State, Fla.App.1965, 174 So.2d 578; Bell v. State, Fla.App. 1964, 164 So.2d 28; Howard v. State, Fla.App.1964, 164 So.2d 229; Harrison v. Wainwright, Fla.App.1971, 243 So.2d 427.
As to time for preparation for trial, the record shows that Cavanaugh’s trial counsel had almost a month and a half from the time of appointment to the time of trial within which to prepare. Cavanaugh was well represented in open Court at the time of his arraignment, almost two weeks before the trial. Such time was constitutionally adequate for preparation. At no time did Cavanaugh or his trial counsel ask for any continuance because of lack of time for preparation or upon any other ground. The record is completely devoid of any factual showing that his counsel had insufficient time to adequately prepare for trial.
Lastly, there is likewise no showing in the record to sustain any intimation that Cavanaugh was not properly or sufficiently represented by counsel at his trial. Innuendos or implications to the contrary cannot take the place of, or be equivalent to, factual allegations to support such charge.
Appellant Cavanaugh having failed to make a proper or sufficient showing in his petition for post-conviction relief, the trial Judge was eminently correct in denying the same. The order appealed here is therefore—
Affirmed.
LILES and McNULTY, JJ., concur.